173 So.2d 43 (1965)
CITY OF NEW ORLEANS
v.
NEW ORLEANS CANAL, INC.
No. 1735.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1965.
Rehearing Denied April 5, 1965.
Writ Refused May 5, 1965.
*44 William A. Glennon, Jr., Collins & Carruth, Racivitch, Johnson, Wegmann & Mouledoux, William J. Wegmann, New Orleans, for defendant-appellant.
Alvin J. Liska, City Atty., Preston H. Hufft, Joseph H. Hurndon, Asst. City Attys., M. Truman Woodward, Jr., Sp. City Atty., for plaintiff-appellee.
Before REGAN, SAMUEL and CHASEZ, JJ.
CHASEZ, Judge.
Plaintiff herein, City of New Orleans, filed suit against New Orleans Canal, Inc., alleging that the defendant slandered its title to possession of a strip of ground located along West End Boulevard in the City of New Orleans. The plaintiff-appellee herein, City of New Orleans, strongly maintains that the cause of action asserted by it is a jactitation or slander of title action.
The defendant, New Orleans Canal, Inc., claims that the plaintiff in its petition cumulated the petitory and possessory actions in the same suit and under the provisions of article 3657 of the LSA-Code of Civil Procedure it waived the possessory action.
The defendant filed an exception of no cause or right of action and thus made a general appearance in this matter. In the exceptions the defendant set forth that plaintiff's cumulation of the petitory and possessory actions abated the possessory action and, under the law, left the plaintiff only a petitory action; and that as its pleadings set forth that the City of New Orleans was the owner of the property by virtue of a title which was annexed to and made part of said pleadings and that said act of sale, in truth and in fact, did not mention the City of New Orleans at all, the City had no title whatever to the property on which to base a petitory action and the defendant prayed for a judgment in its favor rejecting all demands made by the plaintiff at its cost. After this exception had been set for trial and several continuances thereof granted by the court, the appellee, City of New Orleans, filed a motion to dismiss its action as of nonsuit, without prejudice, and ruled defendant into court to show cause why such motion should not be granted. The trial court overruled an exception which had been filed to this latter motion by appellant and after trial of the motion to dismiss the action, rendered a judgment in favor of appellee and dismissed the suit as of nonsuit, without prejudice.
Whether or not the action brought by plaintiff-appellee in the lower court is one of jactitation or slander of title or a petitory or possessory action is of no moment here. The only question before this court is whether the judgment of the lower court dismissing plaintiff's suit as of nonsuit, without prejudice, is correct.
The principal articles of the LSA-Code of Civil Procedure dealing with dismissal of actions are articles 1671, 1672 and 1673. Article 1671 reads as follows:
"A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice."
Article 1673 reads as follows:
"A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after *45 trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action."
From the foregoing, it appears that plaintiff has the right to dismiss its action with or without prejudice with leave of court, since a general appearance had been made by the defendant. The rule appears to be well established in this state that much latitude is given to the trial court in deciding discretionary matters and its action with regard thereto will be disturbed only in cases where there has been a clear abuse of its discretion. We are convinced that the court a qua did not abuse its discretion in this instance. The defendant-appellant herein, arguing the petitory nature of plaintiff's action strongly urges to the court that the dismissal of the suit without prejudice will deprive it of substantial rights. We are of the opinion that the dismissal of appellee's suit will not deprive appellant of any rights that it had prior to the filing of the suit and if any detriment is suffered by it at all it would pertain to "* * * procedural rights of party litigants and are not substantive rights." Betz v. Hearin Tank Lines, La.App., 75 So.2d 356, at page 361. The appellant herein relies heavily on article 3657 of the LSA-Code of Civil Procedure, particularly the first paragraph thereof, which reads as follows:
"The plaintiff may not cumulate the petitory and the possessory actions in the same suit or plead them in the alternative, and when he does so he waives the possessory action. If the plaintiff brings the possessory action, and without dismissing it and prior to judgment therein institutes the petitory action, the possessory action is abated."
This article does not govern the dismissal of actions. It does, however, constitute a change in procedure set forth in the old Code of Practice governing petitory and possessory actions. The court is of the opinion that the comments of the redactors of the Code of Civil Procedure appearing under the several articles of the Code of Civil Procedure do not form part of the Code proper. Ingolia v. Pique, La.App., 139 So.2d 34. However, reference to these comments has in the past been made by the Louisiana Appellate Courts in their opinions, and we believe that such comments may be properly referred to as an aid in the determination of a proper interpretation of the articles of the Code. It appears from these comments that under the second sentence of article 3657, above quoted, and subject to the provisions of article 1671, where there has been an improper cumulation or alternative pleadings of the petitory and possessory actions, the plaintiff may have his suit dismissed without prejudice.
The plaintiff-appellee herein filed a motion in this court suggesting that as the order of the trial court dismissing the action, without prejudice, was not a final judgment but was an interlocutory decree that did not cause appellant irreparable injury and, therefore, the appeal should be dismissed forthwith. It will be noted that the dismissal of the suit in the lower court occurred after a general appearance had been made by the defendant and under these circumstances the Code provides: "* * * If the application [to dismiss] is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice." Thus while the court may dismiss with or without prejudice in its discretion under some circumstances there can be an abuse of discretion, and, consequently, the court finds that the appellant is entitled to the right of appeal. As hereinabove stated, we are of the opinion that since there was no abuse of discretion in the action of the trial court, in dismissing the suit of plaintiff-appellee, City of New Orleans, against defendant-appellant, New Orleans Canal, Inc., as of nonsuit, without prejudice, the judgment of the court a qua will be affirmed. All costs of appeal shall be borne by defendant-appellant.
Affirmed.