PONDER, Judge.
Plaintiff appeals from the jury verdict, made the judgment of the court, denying recovery for injuries sustained in an automobile collision.
The sole issue is the propriety of that verdict. We affirm.
The jury, answering interrogatories, found both plaintiff and defendant negligent and the negligence of both proximate causes of the accident. The Supreme Court has held in Rowe v. Travelers Insurance Co., 253 La. 659, 219 So.2d 486, that we should make findings of fact since the jury findings are conclusions.
The defendant first testified that he did not know whether he crossed the center line and that he could not testify to anything the plaintiff did to cause the accident. He did state that he was coming off the Bennett Road and “I didn’t yield enough . He finally agreed with plaintiff’s counsel that he must have crossed the center line.
The investigating officer could not recall any specific findings even after looking at the accident report, which did not note the presence of any debris. At the time he “determined that the impact point probably was somewhere near the center of the roadway probably inside the eastbound lane of La. 16,” but admitted that the validity of this conclusion depended entirely on what the plaintiff told him.
Plaintiff testified he was driving eastward toward Amite within his lane of travel at about 45 miles per hour. As he went past the Ardillo building and part of the parking lot on his right, out of the corner of his eye he saw only a flash of light and then glass fell on him. At another time, on cross-examination, he testified he saw a flash of light and a truck coming at a high rate of speed. At still another time he said that he saw the truck coming from behind a brick or lumber truck. Again, when asked if he saw the truck coming out from Bennett Road, he replied that he saw the lights coming. When the defendant did not stop at the scene, he, the plaintiff, chased him at high speed until he secured the license number. He then returned to the scene of the accident and called the police. When the officer arrived, unexplainedly said to be only five to ten minutes after the collision, they examined the scene for the first time. Orange glass from the blinker light was scattered around in the left lane. Some soft dirt or mud had been run over by other cars. According to plaintiff there were four lanes eastbound and four westbound.
Ralph Singleton did not see the collision but did turn around and see the vehicles shortly thereafter estimated by him to be ten seconds after the collision. A pickup truck was in the westbound lane and plaintiff’s car in the eastbound. There was some mud in both eastbound and westbound lanes and some chrome and glass in the westbound lanes.
Another purported witness was not produced at the trial.
We have concluded that the plaintiff has not borne his burden of proof. The defendant’s testimony for the most part is agreement with conclusions proposed by plaintiff’s counsel. The officer’s conclusion ad *962 mittedly was based only on statements made to him by the plaintiff. His report did not contain and he did not remember any physical facts to support his conclusion which was stated in the vaguest terms. Singleton could not testify to the impact of the vehicles. His testimony and that of others as to the debris is at best inconclusive. The relation of the debris to the collision leaves much to speculation and conjecture. Even when definitely related to the collision, conclusions based upon the location and conditions of debris are of secondary value unless explained by expert testimony, which was conspicuously absent in this case.
This leaves only the testimony of the plaintiff, who was firm, however, in his conclusion that he was and remained in his own lane. This is true even though some of his other statements are inconsistent with each other and with other testimony and the physical evidence. We believe, in the circumstances of this case, the facts proved are insufficient for the awarding of damages.
For these reasons, the judgment of the lower court is affirmed at appellant’s costs.
AFFIRMED.