ON MOTION TO DISMISS
GARRISON, Judge.
Morrison Food Services, Inc. is a judgment creditor of Allied Building Services Corp. Mrs. Cohen is President and General Manager of Allied. Morrison filed a petition for injunctive relief against Mrs. Co *184 hen. The petition alleges that Mrs. Cohen has attempted to defraud Allied’s creditors by setting up a new janitorial service company in her own name and transferring all Allied’s accounts, funds, equipment, and personnel to the new company. The district court’s judgment granted a preliminary injunction ordering Mrs. Cohen and Jeannette S. Cohen Janitorial Services to cease doing business with Allied’s customers, and to cease using Allied’s equipment and personnel. The issuance of the injunction was conditioned on Morrison’s posting a $300,000 bond. Mrs. Cohen was also ordered to account for all monies and receivables due her in connection with what had previously been Allied’s accounts. The judgment also ordered her to transfer to Allied any funds or other assets which should be Allied’s property.
Mrs. Cohen appealed from that judgment. Appellee, Morrison Food Services, has moved to dismiss the appeal, contending that we have no jurisdiction because the appeal was untimely filed and no appeal bond was filed, and that the issue is moot, no injunction — it is contended — ever having issued on the judgment.
The record shows the trial judge granted the injunction from the bench on April 30, 1979, but the judgment was not signed until May 8th. Mrs. Cohen, however, petitioned for and was granted her appeal on May 2nd. The judge granted a devolutive appeal, setting a bond of $250.
In 1977, C.C.P. Art. 2124 was amended to provide that no security is required for a devolutive appeal. C.C.P. Art. 2088 was amended to state that the trial court’s jurisdiction over devolutive appeals divests on the granting of the order of appeal. Thus, the judge erred in ordering Mrs. Cohen to post a bond, so her failure to do so has no effect on our jurisdiction over the appeal.
The issue of timeliness arises because Mrs. Cohen’s order of appeal issued six days before the judgment was signed, and she filed no further appeal after the signing. Thus, her appeal is premature. The question is whether the subsequent signing of the judgment cured the defect. Act 618 of 1979, effective September 7, 1979, amended C.C.P. Art. 1911 to provide that no appeal under C.C.P. Art. 2083 may be taken from a final judgment until the judgment is signed by the judge. Before the amendment, the article simply stated that final judgments shall be signed by the judge. The amendment clears up some confusion among our courts on premature appeals. Formerly, the circuit courts of appeal were divided on whether to dismiss appeals such as this one. See discussion in Nomey v. State Department of Highways, 325 So.2d 732, at 733, Note 1 (La.App. 2nd Cir.1976). Those cases maintaining the premature appeals held that the prematurity of the motion for appeal was cured when the judgment was signed, where the appellee was not prejudiced by the prematurity of the appeal, e. g., Richardson v. Richardson, 264 So.2d 699 (La.App. 4th Cir.1972). Since 1976, the position of this circuit has been that an appeal from a final judgment is not required to be dismissed because the order of appeal was granted at a time when there was no signed judgment; if the final judgment was subsequently signed and its presence included in the timely-lodged record, the appeal may be maintained. Richards v. Gettys, 329 So.2d 475 (La.App. 4th Cir.1976) (before the Whole Court).
The appeal here was taken before the effective date of Act 618 of 1979. If the Act is applied retroactively, Mrs. Cohen’s untimely appeal clearly must be dismissed. Interpretative, remedial, curative, or procedural laws generally are applied retroactively. Green v. Liberty Mutual Insurance Co., 352 So.2d 366 (La.App. 4th Cir.1977). Act 618 is interpretive, because it defines final judgment for the purposes of appeal. However, appeals are favored in the law and must be maintained whenever possible, and should not be dismissed for technicalities; rules should be liberally construed so as to protect rights of litigants. Mid-State Homes, Inc. v. Davis, 169 So.2d 404 (La.App. 4th Cir.1964). Retroactive application of Act 618 of 1979 could result in denial of a litigant’s right to appeal, or in *185 forfeiture of a pending appeal taken prior to signing of the judgment, as in this case. We hold, therefore, that Act 618 is to be prospectively applied. Following the more liberal interpretation of timely appeals in the pre-Act 618 jurisprudence, we conclude that the prematurity of Mrs. Cohen’s order of appeal was cured by the signing of the judgment six days later.
Appellee’s final ground for requesting dismissal is that the appeal is moot because no injunction ever issued (due to appellee’s refusal to post the $300,000 injunction bond required by the trial judge.) It is true the injunction never became exec-utory; therefore it has not yet materialized as an issue subject to appellate review. However, the judgment also directed Mrs. Cohen to render an accounting to the court and to surrender to Allied Building Services the funds derived from the contracts purportedly belonging to Allied. That portion of the judgment is a proper subject of this appeal.
Accordingly, we hereby deny the motion to dismiss filed by Morrison Food Services of Louisiana, Inc.

MOTION DENIED.