MARVIN, Judge.
In this action against her husband’s vendee for damages arising out of a sale of 50 acres of the 70 acre community home-place, the wife’s demands were dismissed on the vendee’s exceptions of no right/no cause of action and of non-joinder of her husband, the vendor in the sale, as an indispensable party. She appeals. We amend and affirm the judgment of dismissal insofar as non-joinder is concerned and find it not essential that we pass on the other peremptory exceptions or the constitutional issues raised. Corpus Christi Parish Credit Union v. Martin, 358 So.2d 295 (La.1978).
The 70 acres were acquired in the name of the husband during the existence of the community. When the wife intercepted a letter from the defendant to her husband in January 1979, she voiced to both, her objection to the proposed sale and her refusal to join in a deed with her husband. The husband sold the 50 acres in March for $35,365 by cash deed. The wife brought suit in April 1979 against the vendee.
The wife sought damages ($27,684) for the value of her one-half interest and for anguish, humiliation and embarrassment. The wife also sought a judgment declaring that the sale did not convey her one-half interest. In a supplemental petition the wife alleged that CC Art. 2404 [granting statutory authority to the husband as head and master of the community] was an unconstitutional denial of equal protection, due process, and was unreasonably sexually discriminatory.
However the wife’s demands are categorized, we must look to her factual allegations to determine whether her husband is an indispensable party to any relief to which she may be entitled. CCP 641, 927. We must also pass on the motion to dismiss the wife’s appeal on the grounds that the judgment of dismissal was signed after the appeal was taken. CCP 1911, as amended by Act 618 of 1979.
MOTION TO DISMISS
This appeal was lodged on August 14, 1979, before the effective date of the amendment to CCP 1911 (September 7, 1979). La.Const., Art. 3, § 9. Act 618 has been held not to affect appeals pending before September 7, 1979. Morrison Food Services, Inc. v. Cohen 376 So.2d 182 (La. App. 4th Cir. 1979).
On May 31, 1979, the trial court signed a written judgment sustaining the vendee’s exceptions and allowed the wife 10 days to amend her petition, “ . . .in default of which the petition shall be dismissed.” CCP 934. The trial court, expressly mentioning that its judgment of May 31 granted the wife 10 days to amend and that she had not amended, signed a judgment on June 21, 1979, dismissing her demands, with prejudice. The wife appealed on June 15. Under these circumstances, with the two judgments being so interrelated and proximate in time, the appeal shall not be dismissed. Palmer v. Wren, 366 So.2d 960 (La.App. 1st Cir. 1978), writ refused; Nomey v. State Department of Highways, 325 So.2d 732 (La. *1168 App. 2d Cir. 1976); Morrison Food Service, Inc., supra.
THE MERITS
The wife’s» allegations were apparently framed in an attempt to avoid the effect of Corpus Christi, supra. There the husband mortgaged the family home without the wife’s consent. She attacked the validity of the mortgage on the grounds, among others, that CC 2404 was unconstitutional. The Supreme Court found the husband had authority under CC 2404 to mortgage the home and declined to consider the attack on the constitutionality of CC 2404 because the wife there failed to exercise her rights to declare the home a legal homestead (LRS 9:2802), which would have prevented the husband from mortgaging the home. “[A] court should avoid deciding the case on a constitutional basis unless a decision on the constitutional question is essential to a decision on the issues.” 358 So.2d at p. 298, emphasis supplied. Three Justices dissented in Corpus Christi, expressly stating their belief that CC 2404 should be declared unconstitutional as a denial of equal protection. Kirchberg v. Feenstra, 609 F.2d 727 (5th Cir. 1979).
The plaintiff wife here also failed to exercise her rights under LRS 9:2802. Even should we assume that the wife’s allegations state a cause of action against her husband’s vendee, we must first determine whether her husband is an indispensable party.
The essence of the wife’s demands against the vendee is that her husband did not have authority to sell community property standing in his name especially over her protests. She says his authority is lacking either because of her protests or because of the unconstitutionality of CC 2404. She says because the vendee consummated the sale over her protests she is entitled to damages from him and to a declaration that the sale did not convey any of her one-half interest in the acreage. The wife emphasizes in her brief that contrary to Corpus Christi “ . . .a decision on the constitutional issue is essential to a determination of the issues presented here . . . ” We cannot agree.
In this respect the wife argues that while CCP 641 requires the joinder of a vendor in any action to rescind, CC Arts. 136 and 2406 preclude the wife from suing the husband unless there has been a dissolution of the community. The wife overlooks, however, LRS 9:291, which provides exceptions to the principle stated by the wife. Sub-parts (2) and (3) of this section allow either spouse to sue the other during the marriage for a loss sustained as a result of fraud or bad faith in the administration of the community or for the avoidance of an unauthorized alienation of community property. Since the basis of the wife’s demands against the vendee (for damages and for declaratory relief) concerns the authority of her husband to sell the property, the husband is an indispensable party, whether the lack of authority stems from her protests before the sale or from a constitutional defect in the statute. CCP 641, 927, 934. See Phillips v. Nereaux, 357 So.2d 813 (La. App. 1st Cir. 1978). CC Art. 2404.
The dismissal below was warranted. The wife was granted 10 days in which to join her husband but did not do so. Under, these circumstances, CCP 934 requires that the action shall be dismissed. This dismissal on an exception of non-joinder, however, should not be with prejudice. Alexander v. Town of Jeanerette, 371 So.2d 1245 (La. App. 3d Cir. 1979). See City of New Orleans v. New Orleans Canal, Inc., 173 So.2d 43 (La.App. 4th Cir. 1965), writ refused, and Harris v. Bardwell, 373 So.2d 777 (La.App. 2d Cir. 1979); CCP 1673 and comments following.
Accordingly, we affirm the judgment insofar as it dismisses plaintiff’s petition for her failure to join an indispensable party within the delay ordered by the trial court. We amend, however, to delete the words that the dismissal is with prejudice. As amended, we affirm the judgment. In this procedural posture, it is not essential for us to reach the constitutional issue raised by the other exceptions.
*1169 At appellant’s cost, judgment, as amended, is AFFIRMED.