FORET, Judge.
Plaintiff, Holiday City Builders, Inc., instituted this action against Acadian Aviation Corporation, seeking the issuance of a permanent injunction prohibiting defendant from interfering with plaintiff’s right of passage across defendant’s property. Defendant moved for summary judgment on the grounds that it had provided plaintiff with an “equally convenient location” for the exercise of the servitude of passage. The trial judge granted defendant’s motion, dismissing plaintiff’s suit. Plaintiff brings this appeal.
The record shows that a right of passage, thirty feet in width, runs along the southern boundary of defendant’s estate. Plaintiff’s estate was granted the benefit of the servitude of passage in a 1936 act of partition. Defendant does not contend that the servitude has prescribed.
Defendant is currently engaged in developing its property into residential lots. Defendant introduced into the record a plat of the proposed residential subdivision which shows that the right-of-way runs through twelve proposed lots.[1] In order to accommodate its proposed plans, defendant closed the right-of-way and staked out lots across it. Defendant informed plaintiff it would have to use Nectar Haven, a fifty-foot paved road, as access to its property. Thereafter, plaintiff instituted this action.
Defendant, relying on LSA-Civil Code Article 748, moved for summary judgment contending that plaintiff was bound to accept a new location of the servitude of passage. Article 748 provides:
“The owner of the servient estate may do nothing tending to diminish or make more inconvenient the use of the servitude.
If the original location has become more burdensome for the owner of the servient estate, or if it prevents him from making useful improvements on his estate, he may provide another equally convenient location for the exercise of the servitude which the owner of the dominant estate is bound to accept. All expenses of relocation are borne by the *1021 owner of the servient estate. (Acts 1977, No. 514, § 1.)”
The trial judge, apparently finding that Article 748 was dispositive of the issue, rendered summary judgment in defendant’s favor.
Louisiana Code of Civil Procedure Article 966 provides that a mover is entitled to summary judgment if the pleadings, depositions, admissions on file, affidavits, and answers to interrogatories show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
Plaintiff contends the trial judge erred in granting the motion for summary judgment because a genuine issue as to material fact exists as to whether the new passage is an “equally convenient location” as required under LSA-Civil Code Article 748.
In support of the motion for summary judgment, defendant filed the affidavit of J. L. Andrus, the president of Acadian Aviation Corporation, which states that the thirty-foot right of passage prevents defendant from achieving the best use of its property. Andrus also states that the new location of the servitude of passage, Nectar Haven, is within one hundred feet of the old servitude and provides the same access to plaintiff’s property.
In opposition to the motion for summary judgment, plaintiff filed the affidavit of Joseph Anzalone, the president of Holiday City Builders, which states that closing of the old right of passage has impeded the movement of heavy trucks and equipment to and from plaintiff’s property.
In Mashburn v. Collin, 355 So.2d 879 (La. 1977), the Louisiana Supreme Court stated, at page 890:
“. . . where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion.”
In Laufer v. Touro Infirmary, 334 So.2d 541 (La.App. 4 Cir. 1976), the court stated, at page 542:
“It is well settled in our jurisprudence that a motion for summary judgment is not a substitute for trial. Further, all doubt concerning a dispute as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. Odom v. Hooper, 273 So.2d 510 (La.1973). A mere belief that a litigant is unlikely to prevail upon the merits is not a sufficient basis to warrant the rendition of a summary judgment and thus deprive the litigant of a trial. Banes v. Prinz, 185 So.2d 50 (La.App. 4th Cir. 1966).” [Emphasis Provided][2]
In the present action, Mr. Anza-lone stated in his deposition and his affidavit that the new location of the servitude is not suitable for the movement of heavy trucks and equipment to plaintiff’s property. Defendant states in an affidavit that the new location of the servitude provides better access to plaintiff’s property. However, the purpose of summary judgment is not to resolve factual issues. Based on the countervailing affidavit of Mr. Anzalone, we conclude that a genuine issue of material fact exists as to whether the new route of passage, Nectar Haven, is an “equally convenient location” of the servitude of passage, as required by LSA-Civil Code Article 748. Accordingly, the summary judgment in favor of defendant dismissing plaintiff’s suit, is annulled and set aside. The matter is remanded for further proceedings; assessment of costs to await disposition of the merits.
ANNULLED, SET ASIDE AND REMANDED.

*1022

. We annex hereto an excerpt from the plat of survey (Exhibit “D”) showing the old right-of-way and Nectar Haven.

. See also Walker v. Graham, 343 So.2d 1171 (La.App. 3 Cir. 1977), writ denied, 346 So.2d 213 (La.1977).