393 So.2d 782 (1981)
Earnestine CROOK, Nee McKoin, Plaintiff-Appellant,
v.
Warren Shelby WHITE, Defendant-Appellee.
No. 14376.
Court of Appeal of Louisiana, Second Circuit.
January 13, 1981.
Rehearing Denied February 19, 1981.
Paul Henry Kidd, Monroe, for plaintiffappellant.
Rankin, Yeldell, Herring & Katz, Bastrop, for defendant-appellee.
Before PRICE, HALL and JASPER E. JONES, JJ.
En Banc. Rehearing Denied February 19, 1981.
JASPER E. JONES, Judge.
Plaintiff, Earnestine Crook, appeals a judgment of dismissal which sustained an exception filed by defendant, Warren White, styled "Exception and Motion to Strike Supplemental and Amending Petition En Toto". The supplemental and amending petition was filed in a suit styled "Earnestine Crook, nee McKoin v. Warren *783 Shelby White" No. 79204 on the docket of the Fourth Judicial District Court for the Parish of Morehouse, Louisiana. The initial suit filed in this matter sought to annul a sale of community property by Earnestine Crook's husband, Louie V. Crook, to Warren Shelby White, dated March 9, 1979, insofar as the sale affected the ½ interest owned by Earnestine Crook. The suit also sought damages from defendant, Warren White. The supplemental petition asserts essentially the same causes of action but adds plaintiff's husband as a party defendant.
The theory of plaintiff's cause of action to set aside the sale is that the property sold was community property and that she owns a ½ interest in it and only her husband signed the deed. She contends the provisions of LSA-C.C. art. 2404[1] which authorized her husband acting alone and without her signature to convey the community property, were unconstitutional as a denial to her of her U.S. Constitutional Equal Protection rights. In the initial suit, because plaintiff had not joined her husband as a party defendant, White filed an exception of non-joinder of an indispensable party. The trial court sustained the exception of non-joinder, and granted plaintiff 10 days within which to amend her petition by judgment rendered May 31, 1979, which is a procedure authorized by LSA-C.C.P. art. 646 [2]. Plaintiff failed to amend the petition and join her husband as a party defendant, and the court on June 21, 1979 dismissed her suit with prejudice. Plaintiff appealed this judgment to this court, and the judgment of dismissal was here amended to provide that the dismissal was without prejudice. See Crook v. White, 379 So.2d 1166 (La.App.2d Cir. 1980). The date of the judgment of this court was January 22, 1980 and rehearing was denied on February 29, 1980. Plaintiff did not apply to the Louisiana Supreme Court for writs of review of the decision of this court, and on April 10, 1980 filed the "Supplemental and Amending Petition En Toto" making White and her husband defendants. Only White filed the exception that the judgment appealed be sustained.
Plaintiff assigns as error the judgment of the trial court holding that plaintiff was not entitled to amend her initial suit with the supplemental and amending petition.
Plaintiff in brief makes this statement with regard to the earlier decision of this court, cited supra:
"After appellee's [sicappellant's] motion for a rehearing was denied the matter was remanded to the trial court."
This statement is incorrect. The judgment of this court did not remand the case to the trial court. The judgment of this court amended the trial court's judgment to provide that it was a dismissal without prejudice and "As amended, we affirm the judgment." Id. Crook v. White, supra, at 1168.
Appellant in brief cites LSA-C.C.P. art. 646 (see Fn.1) which provides, among other things, that an appellate court which sustains *784 a plea of non-joinder of an indispensable party:
"... may remand the case for such amendment and further evidence."
Plaintiff does not clearly articulate her argument based upon Article 646, but we assume she contends this article is authority for her erroneous interpretation of Crook v. White, supra, to the effect that we there remanded the case to permit the joinder of the indispensable party. Article 646 does not require the appellate court to remand, but rather provides that the court within its discretion may remand. See Lechler v. City Civil Ser. Com'n., Etc., 357 So.2d 41 (La. App. 4th Cir. 1978), wherein the court found an absence of indispensable defendant and dismissed plaintiff's suit without prejudice. The court there stated:
"While the case could be remanded to permit plaintiffs to join them and to afford them an opportunity to defend their positions, we have concluded that a simple dismissal of plaintiffs' suit without prejudice to bring a new suit against them will be a more orderly procedure." Id. at 44.
One good reason for this court not to have remanded the case to permit the joinder of the indispensable party was because plaintiff had earlier been given that opportunity by the trial court when it initially sustained the exception of non-joinder by judgment dated May 31, 1979, before that court dismissed the case with prejudice on June 21, 1979.
The effect of the judgment of dismissal without prejudice is to terminate the suit wherein the judgment is rendered. LSA-C.C.P. art. 1844[3] provides that the effect of a judgment of dismissal with or without prejudice shall be regulated in accordance with articles 1671 through 1673. LSA-C.C.P. art 1673 provides:
"A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action."
A judgment of dismissal with or without prejudice terminates the law suit but the dismissal without prejudice leaves plaintiff free to file a new suit. The comments under Article 1673 provide "a case dismissed without prejudice can be reinstituted; the judgment rendered therein is neither final nor definitive." These articles of the Code of Civil Procedure recognize that the judgment of dismissal without prejudice, which is now the law of this case, leaves plaintiff's cause of action therein asserted unaffected, but in order to assert same she is required to institute another suit. The trial court was correct in refusing to permit plaintiff to amend her initial suit which had been terminated by a judgment of dismissal without prejudice.
Plaintiff in brief also makes an oblique argument that she must be permitted to amend her initial suit in order to take advantage of the Fifth Circuit decision of Kirchberg v. Feenstra, 609 F.2d 727 (5th Cir. 1979), wherein LSA-C.C. art. 2404, which authorizes the husband to convey community property without his wife's signature, was declared unconstitutional. Plaintiff's argument seems to be that even though our procedural law requires her to file a new suit, that this rule of procedure should here be suspended and that she be permitted to amend a suit which has been terminated by a judgment of dismissal. Appellant cites no authority for this contention, and we hold same is without merit. We, however, note that Kirchberg v. Feenstra, supra, specifically provides that its decision holding Article 2404 unconstitutional shall not apply retroactively:
"We apply our decision today prospectively only, because a holding of retroactive invalidity of article 2404 would create a substantial hardship with respect to property rights and obligations within the State of Louisiana." Id. at 735. *785 The Fifth Circuit is here saying that Article 2404 shall only be construed unconstitutional as applicable to operative facts which occur subsequent to the date of that decision which was December 12, 1979. See Lovell v. Lovell, 378 So.2d 418 (La.1979); State v. Robinson, 361 So.2d 864 (La.1978); State v. Collum, 365 So.2d 1272 (La.1978).
Kirchberg v. Feenstra, supra, recognized that purchasers of community property from husbands alone, such as defendant, White, relying upon LSA-C.C. art. 2404 which had always been the law of this state, would be treated unjustly if it was declared that they only received one-half of what they bought until they were told that such transactions in the future would be invalid insofar as the wife's one-half interest was concerned because the law permitting the husband to sell the wife's property was invalid.
The deed which appellant here seeks to invalidate was executed on March 9, 1979, many months before the Kirchberg decision, and for that reason Kirchberg would be of no comfort to appellant even if she were entitled to amend her initial suit filed on April 2, 1979.
For the reasons assigned the judgment appealed from is AFFIRMED at appellant's cost.
NOTES
[1] LSA-C.C. art. 2404"The husband is the head and master of the partnership or community of gains; he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife.

He can make no conveyance inter vivos, by a gratuitous title, of the immovables of the community, nor of the whole, or of a quota of the movables, unless it be for the establishment of the children of the marriage. A gratuitous title within the contemplation of this article embraces all titles wherein there is no direct, material advantage to the donor.
But if it should be proved that the husband has sold the common property, or otherwise disposed of the same by fraud, to injure his wife, she may have her action against the heirs of her husband, in support of her claim in one-half of the property, on her satisfactorily proving the fraud."
This article was repealed by Act No. 709 of the 1979 legislature effective January 1, 1980.
[2] LSA-C.C.P. art. 646"When the failure to join an indispensable party is pleaded successfully in or noticed by a trial court, the latter may permit amendment of the petition so as to make him a party, and may reopen the case if it has been submitted and further evidence is necessary. When such failure is pleaded successfully in or noticed by an appellate court, the latter may remand the case for such amendment and further evidence.

When the failure to join a necessary party is pleaded successfully, the court shall permit an amendment of the petition to join him."
[3] LSA-C.C.P. art. 1844"A judgment of dismissal with or without prejudice shall be rendered and the effects thereof shall be regulated in accordance with the provisions of Articles 1671 through 1673."