LABORDE, Judge.
This suit involves a dispute over a servitude of passage. Defendant, Alton Thorne, appeals an adverse summary judgment granted in favor of plaintiff, Roy J. Norton.
Finding the existence of genuine issues of material fact which must be resolved upon the merits, we reverse and remand this matter to the trial court.
Norton’s petition asked 1) for recognition of a servitude of passage across certain real estate,[1] 2) that Thorne be ordered to remove a fence which allegedly interfered with the use of the servitude, 3) for an injunction prohibiting Thorne from interfering with Norton’s use of the servitude, 4) for damages for loss of income, loss of use, pain and suffering and harassment, and 5) for $2,500 in attorney’s fees.
In his answer, Thorne affirmatively alleged that the servitude of passage was a common driveway which served two (2) houses located on one (1) piece of property formerly owned by one (1) individual. Further, Thorne alleged that the driveway was never used by the public and that the servitude was never acquired by anyone. He admits that he constructed the gate and fence on his own property but claims Norton’s right of passage is not obstructed since Norton’s property fronts on Louisiana Highway 8. Thorne further alleges that since Norton has ample highway frontage *717 for ingress and egress to his property there is no need for use of the alleged servitude.
Together with his Motion For Summary Judgment, Norton filed four (4) affidavits of local residents who had used the road to visit friends who once owned or occupied the properties now owned by Norton and Thorne.
Thorne countered with an affidavit in opposition to the Motion For Summary Judgment again stating that he erected a fence on his own property and that the fence does not interfere with the ingress and egress of anyone to any property other than his own.
Thorne further stated that no servitude has ever existed over his land and no member of the public has ever used any so-called servitude.
The trial judge sustained the Motion For Summary Judgment for the following reasons:
“This case comes before the court on a Motion for Summary Judgment. For reasons assigned, the motion is sustained and judgment rendered in favor of plaintiff.
The matter is not as complex as such things often are. In this instance, there was never a right of passage as there is no enclosed estate and both properties border on the blacktop. The question of any sort of tacit dedication of the road at issue also seems moot to this court as the path was used only as a private drive to the two properties (although the police jury may have graded it at times).
Articles 654, 705, 707, 740, and 742 of the Louisiana Civil Code discuss servi-tudes, particularly predial servitudes— wherein a right or interest vests in one estate and a corresponding duty or obligation is incumbent upon another estate. These rights are inbedded [sic] in the soil, that is, they attach to the land, irrespective of the person [sic] who own or possess the property.
It is the opinion of this court that a Servitude of Passage, (C.C. § 705), a conventional servitude, was acquied [sic] by the Norton property through acquisitive prescription as outlined in C.C. § 740 and § 742.
The fence erected across the driveway by the owner of the Thorne property violated said servitude. Defendant is cast for all costs of these proceedings and judgment is rendered in favor of plaintiff in the amount of $500.00.”
Thorne urges two (2) assignments of error:
“1) The trial judge was incorrect in granting the Motion for Summary Judgment and in recognizing the servitude, since there was a genuine issue as to material fact; and
2) The trial judge was in error in granting Five Hundred and no/100 ($500.00) Dollars damages in the absence of any evidence.”
Louisiana Code of Civil Procedure Article 966 provides that a mover is entitled to summary judgment if the pleadings, depositions, admissions on file, affidavits, and answers to interrogatories show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law.
In the recent case of Holiday City Builders v. Acadian Aviation Corp., 386 So.2d 1019 (La.App. 3rd Cir. 1980), we discussed the applicable law regarding motions for summary judgment:
“In Mashburn v. Collin, 355 So.2d 879 (La.1977), the Louisiana Supreme Court stated, at page 890:
“... where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion.”
In Laufer v. Touro Infirmary, 334 So.2d 541 (La.App. 4 Cir. 1976), the cour... stated, at page 542:
*718 “It is well settled in our jurisprudence that a motion for summary judgment is not a substitute for trial. Further, all doubt concerning a dispute as to a material issue of fact must be resolved against granting the motion for summary judgment and in favor of trial on the merits. Odom v. Hooper, 273 So.2d 510 (La.1973). A mere belief that a litigant is unlikely to prevail upon the merits is not a sufficient basis to warrant the rendition of a summary judgment and thus deprive the litigant of a trial. Banes v. Prinz, 185 So.2d 50 (La.App. 4th Cir. 1966).” [Emphasis Provided]2”
In the present case there is no evidence in the records as to the ownership of the property. Furthermore, the facts contained in the affidavits filed by Norton were contradicted by the affidavit filed by Thorne. Thorne stated that he constructed the fence on his property, that it did not interfere with anyone’s ingress and egress since it led only to his property and that no member of the public ever used the servitude. Norton’s affidavits were completely to the contrary.
We conclude that genuine issues of material fact exist as to the ownership of land on which the servitude is located, its use by the public, and Thorne’s right to fence his own property.
Although we agree with appellant that the trial court erred in awarding damages absent any proof, we need not address this issue due to our holding above.
Accordingly, the summary judgment in favor of Roy J. Norton is annulled and set aside. The matter is remanded for further proceedings; assessment of costs to await disposition on the merits.
ANNULLED, SET ASIDE AND REMANDED.

*719

. We annex hereto a plat of survey dated August 5, 1980, prepared by Daniel D. Sandefur, which was attached to Norton’s Motion For Summary Judgment.