446 So.2d 972 (1984)
Roy J. NORTON, Plaintiff-Appellant,
v.
Alton THORNE, Defendant-Appellee.
No. 83-599.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
Rehearing Denied April 3, 1984.
*973 Irving Ward-Steinman, Alexandria, for plaintiff-appellant.
William E. Skye, Alexandria, for defendant-appellee.
Before CUTRER, LABORDE and KNOLL, JJ.
LABORDE, Judge.
This case involves a dispute over a servitude of passage which was previously before this court. In Norton v. Thorne, 412 So.2d 716 (La.App. 3rd Cir.1982), plaintiff, Roy J. Norton, filed a petition asking that the defendant, Alton Thorne, be compelled to remove a fence from a road on which the plaintiff claimed a right of use by the acquisitive prescription of thirty years. The district court granted the plaintiff's motion for summary judgment. We reversed that decision and remanded the matter for further proceedings. Defendant then filed an exception of no cause of action. The trial court granted the exception of no cause of action and the plaintiff appeals. We affirm.
The appellant, Roy J. Norton, contends that the trial court erred in granting the exception of no cause of action by applying the servitude articles of the Louisiana Civil Code of 1870 rather than the revised articles of 1977. We hold that the application of the older provisions was proper.
Article 766 of the Louisiana Civil Code of 1870 stated that a discontinuous servitude such as a right of passage could only be established by title. In 1977 this article and the distinction between discontinuous and continuous servitudes was abolished. A right of passage can, therefore, now be acquired by prescription. LSA-C.C. art. 740; Boothe v. Department of Public Works, 370 So.2d 1282 (La.App. 3rd Cir.1979).
The legislature, however, specifically stated that a servitude that was discontinuous under the prior law would not give "rise to prescriptive rights except from the effective date of new legislation," January 1, 1978. Comments under LSA-C.C. art. 740. Since the new articles do not have a retroactive effect, the servitude articles of the Louisiana Civil Code of 1870 should govern this case.
According to the older provisions, the plaintiff could have acquired the servitude of a right of passage only by title. In this instance, plaintiff argues that he acquired *974 the servitude by means of prescription. He fails to allege the establishment of the contested servitude by title. A peremptory exception of no cause of action was, therefore, properly granted by the trial court.
Plaintiff now tries to show title by attaching to the appellate brief a plat of servitude and a homestead exemption which the trial court refused to accept. This court cannot consider those documents. Exhibits attached to the plaintiff's appellate brief are not evidence and cannot form part of the record on appeal. Crader v. Casualty Reciprocal Exchange, 417 So.2d 101 (La.App. 3rd Cir.1982); Blouin v. Loyola University, 325 So.2d 848 (La.App. 4th Cir.1976).
The decision not to admit that evidence was within the sound discretion of the trial court and will not be disturbed on appeal in the absence of manifest error. Cutright v. Wilson, 410 So.2d 1274 (La. App. 3rd Cir.1982). According to Article 708 of the Civil Code, the establishment of a predial servitude by title is governed by the laws dealing with the alienation of immovables. In Harthcock v. Hurst, 413 So.2d 636 (La.App. 1st Cir.1982) an immovable as well as a servitude were conveyed by means of an act of sale. The plat and homestead exemption are not acts conveying or creating a servitude. They only refer to a servitude. The trial court, therefore, did not err in refusing to accept these documents as evidence of title.
As the trial court stated, the plaintiff can acquire the right of passage only by title. Since he did not show title, the plaintiff does not have a cause of action.
For the above and foregoing reasons, the trial court's decision is affirmed. Costs are assessed against plaintiff-appellant, Roy J. Norton.
AFFIRMED.