WRIT DENIED.
Plaintiff-applicant was not entitled of right to a dismissal without prejudice after defendant made a general appearance. CCP Art. 1671. Though defendant’s motion to vacate the judgment of dismissal is not positively sanctioned by statute, the hearing on that motion, in effect, was the trial court’s first knowledgeable opportunity to exercise its discretion under Art. 1671 to refuse to grant plaintiff’s motion for dismissal except with prejudice. Viewed in this light, the motion takes on the character of a timely-filed application for new *165 trial, which would have been proper. The judgment granting applicant’s motion for dismissal without prejudice after a general appearance could have been corrected on an appeal of that judgment. Rapides Savings & L. Ass’n v. Lakeview Develop. Corp., 326 So.2d 511 (La.App. 3d Cir.1976). That judgment could have been corrected by a defendant’s motion for a new trial. Distinguish Crook v. White, 393 So.2d 782 (La.App.2d Cir. 1981).
The trial court’s action is further warranted by the ex parte nature of plaintiff’s original motion to dismiss without prejudice and the fact that plaintiff did not object to the form of the proceedings employed by defendant to vacate the dismissal without prejudice. Harper v. Celotex Corporation, 183 So.2d 350 (La.App. 4th Cir. 1966), writ denied. Compare Spencer v. Children’s Hosp., 432 So.2d 823 (La.1983).
Under these circumstances, we view the procedure employed by defendant and the ruling of the trial court to be correct. Upon the showing made, further exercise of our supervisory jurisdiction is not warranted.