# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 05-1254 consolidated with 05-1255

**SMIT LAND & MARINE, INC.**

**VERSUS**

**WHC, INC.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 99-61611 & NO. 99-61612
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

**APPEAL DISMISSED; ORDER VACATED AND CASE REMANDED.**

Bernard E. Boudreaux, Jr.
Murphy J. Foster, III
Breazeale, Sachse & Wilson, L.L.P.
One American Place - Suite 2300
P. O. Box 3197
Baton Rouge, LA 70821-3197
Telephone:  (225) 387-4000
COUNSEL FOR:
	Defendant/Appellant - WHC, Inc.

Lloyd Noble Shields
650 Poydras Street - Suite 2400
New Orleans, LA 70130
Telephone:  (504) 581-4445
COUNSEL FOR:
	Defendant/Appellant - WHC, Inc.

**David Arthur Hurlburt**
**Hurlburt, Privat & Monrose**
**Post Office Drawer 4407**
**Lafayette, LA 70501**
**Telephone: (337) 237-0261**
**COUNSEL FOR:**
**Plaintiff/Appellee - Smit Land & Marine, Inc.**

**Robert Beattie McNeal**
**1100 Poydras Street - Suite 3600**
**New Orleans, LA 70163**
**Telephone: (504) 599-8014**
**COUNSEL FOR:**
**Defendant/Appellee - Exxon Mobile Pipeline Company**

**L. Katherine A. Theunissen**
**Mahtook & Lafleur**
**P. O. Box 3089**
**Lafayette, LA 70502**
**Telephone: (337) 266-2189**
**COUNSEL FOR:**
**Defendant/Appellee - National Union Fire Insurance Co.**

**Patricia Elise Weeks**
**Weeks & Gonzalez**
**400 Magazine Street - Suite 200**
**New Orleans, LA 70130**
**Telephone: (504) 799-2888**
**COUNSEL FOR:**
**Defendant/Appellee - Exxon Mobile Pipeline Company**

THIBODEAUX, Chief Judge.

Plaintiff-appellee, Smit Land & Marine, Inc. ("Smit"), filed a motion for partial summary judgment regarding its claim for nonpayment of fees allegedly owed to it under its contract with defendant-appellant, WHC, Inc. ("WHC"). The trial court granted the motion and certified the judgment as final pursuant to La.Code Civ.P. art. 1915(B). WHC has appealed the judgment as well as the trial court's certification of the judgment as final. For the following reasons, the appeal is dismissed, the order certifying the partial summary judgment as final is vacated, and the case is remanded for trial.

I.

**ISSUES**

1. Did the trial court err in certifying its judgment as final and appealable pursuant to La.Code Civ.P. art. 1915(B)?

2. Did the trial court erroneously find that there is no genuine issue of material fact as to Smit's entitlement to the unpaid fees?

II.

**FACTUAL BACKGROUND**

In this ongoing litigation, multiple parties are suing and/or being sued for damages resulting from alleged acts of negligence, breach of contract, and intentional tort, arising out of a pipeline construction job. This saga began on August 28, 1998, when Exxon Pipeline Company, now known as ExxonMobil Pipeline Company ("Exxon"), hired general contractor, WHC, to construct approximately forty-six miles of pipeline in an area extending from the vicinity of Anchorage, Louisiana to the vicinity of St. James, Louisiana. This project was referred to as the South Louisiana Pipeline Project ("the project"). On October 15, 1998, WHC hired

a subcontractor, Smit, to perform directional drilling work for four pipeline crossings for the project. One of those crossings, known as the North Mississippi River Crossing, is the subject of this dispute.

The North Mississippi River Crossing was to be placed under the Mississippi River near Baton Rouge, Louisiana. The subcontract required Smit to bore one hole of a sufficient capacity to house a single bundle of pipelines, consisting of one twenty-four-inch pipeline and two twelve-inch pipelines. The work was to be completed within twenty-five days. The final agreed upon price for the work to be performed by Smit on the North Mississippi River Crossing was $898,388.15.

It is undisputed that this work was not completed in the manner described by the subcontract. Rather, Smit completed the North Mississippi River Crossing by drilling two holes instead of one—one hole was used for the placement of the two twelve-inch pipelines and the other was used for the placement of the one twenty-four-inch pipeline. In addition, this crossing was completed thirty to forty days beyond the original twenty-five-day deadline. Smit explained that these contract variations resulted because it was unprepared for soil conditions it encountered. Smit claimed that this was a result of its reliance on erroneous soil condition information set forth in the geotechnical report provided by Exxon.

The contractor, WHC, also had work obligations under the subcontract. WHC was to provide Smit with equipment and personnel during its "pullback" and "preream" operations of the drilling. According to WHC, these operations required more work than originally expected because of the problems encountered by Smit on the job. Therefore, WHC was necessarily required to provide additional supporting work to Smit beyond what was originally set forth in the subcontract. WHC submitted a claim to Smit in the amount of $621,410.77 for these additional support services and withheld this amount from final payment to Smit.

2

Smit, in turn, sued WHC. It also filed a separate action in the same district court[1] against Exxon and Eustis Engineering Co., Inc. ("Eustis Engineering"), the engineering firm that prepared the allegedly faulty geotechnical report for Exxon.[2] In both suits, Smit sought payment of the unpaid subcontract fee of $621,410.77, as well as $2,013,063.24 in additional costs it claims to have incurred during completion of the North Mississippi River Crossing. Smit sought additional damages for wrongful conversion of funds, unjust enrichment, breach of contract, and unfair trade practices under the Louisiana Unfair Trade Practices Act.

Smit also sought, from WHC only, penalties for its nonpayment of funds pursuant to La.R.S. 9:2784. Smit claimed that months had passed since WHC had received its final payment from Exxon for all work under their principal contract; however, it asserted that WHC had failed to pay it within fourteen days of receiving those funds, in violation of La.R.S. 9:2784. Therefore, Smit asked the court to impose the statute's maximum penalty of fifteen percent ($93,211.61) of the $621,410.77 being withheld, along with attorney fees.

WHC answered the petition and filed a reconventional demand, naming as defendants, Smit; Exxon; Eustis Engineering; and Smit's bonding company, National Union Fire Insurance Co. ("National Union").[3] In its answer, WHC alleged that Smit materially breached the contract, was negligent, and had been paid all sums that it was due. Alternatively, WHC asserted the defenses of "set-off, reduction, abatement or apportionment" in regard to any damages that it might be ordered to pay

[1]The two lawsuits were consolidated on July 19, 2002.

[2]WHC's claims against Eustis Engineering were severed from its reconventional demand and transferred to the 24th Judicial District Court after a contradictory hearing on Eustis Engineering's Motion to Dismiss in January, 2003.

[3]National Union provided the performance and labor material bonds to guarantee the performance by Smit of the work required by the subcontract.

3

as a result of Smit's claims. WHC also asserted its claim for payment of the $621,410.77 in costs and expenses it claimed to have incurred as a result of the additional work it was required to perform.

Regarding both Exxon and Eustis Engineering, WHC claimed that they were both negligent and liable to it for damages because they provided information that did not accurately portray the soil conditions that would be encountered while drilling for the pipeline crossings. WHC's claims against Exxon also included breach of contract claims for its failure to provide a defense to, or to indemnify it for, the claims brought by Smit. WHC also asserted its contractual entitlement of a twenty percent markup for all costs for which it may be ordered to pay Smit as a result of the differing site conditions encountered by Smit on the job.

Smit filed a motion for partial summary judgment on February 4, 2004, seeking a judgment on the issue of whether it was owed the subcontract balance of $621,410.77 that was being withheld by WHC. In addition, it asked for summary judgment on the issue of its entitlement to penalties and attorney fees from WHC for late payment, pursuant to La.R.S. 9:2784.

The trial court granted Smit's motion on the issue of its entitlement to the unpaid balance of its subcontract in the amount of $621,410.77. The trial court stated that no genuine issues of material fact existed that prevented a finding that Smit was entitled to the fee. The trial court, however, declined to grant summary judgment on the issue of the assessment of penalties under La.R.S. 9:2784. The court wrote:

> Jurisprudence provides that whether a general contractor
> has reasonable cause to refuse to make payment to a
> subcontractor on disputes [sic] amounts is a factual inquiry
> that has to be made by the district court. *U.S. ex rel. Cal's
> A/C [&] Elec. [v.] Famous Const. Corp.*, 220 F.3d 326,
> 329 (5[th] Cir. 2000). Because a factual inquiry is needed,
> it is precluded from summary judgment on the issue of

4

attorney's fees and penalties. *Holiday City Builders, Inc. v. Acadian Aviation Corp.*, 386 So.2d 1019, 1021 (La.App. 3 Cir. 1980).

Smit then moved to have the judgment certified as final and appealable pursuant to La.Code Civ.P. art. 1915(B). WHC opposed the motion. In its Written Reasons, the trial court stated that the judgment met the requirements for certification and that there was no just reason for delaying the certification, reasoning that "the unresolved issues in this case are sufficiently distinguishable from those issues decided on the motion for partial summary judgment."

WHC filed a suspensive appeal that challenges the certification of the judgment as final and the trial court's finding that there are no remaining genuine issues of fact regarding whether Smit is entitled to the $621,410.77.

III.

## LAW AND ANALYSIS

### *Certification of Judgment as Final Pursuant to La.Code Civ.P. art. 1915(B)*

A partial summary judgment rendered pursuant to La.Code Civ.P. art. 966(E), such as the one at issue, may be immediately appealed during ongoing litigation, but only after it has been properly designated as final by the trial court. *See Douglass v. Alton Ochsner Med. Found.*, 96-2825 (La. 6/13/97), 695 So.2d 953. Accordingly, this court's jurisdiction to decide this appeal hinges on whether that certification was appropriate. *Id.*

Article 1915(B)(1) of the Code of Civil Procedure pronounces that in order for a partial summary judgment granting relief to be designated as final for appeal purposes, the trial court must expressly certify the judgment as final and determine that there is no just reason for delay:

> B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part,

as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.

A final judgment determines the merits of a controversy in whole or in part. La.Code Civ.P. art. 1841. Therefore, even though Article 1915 dispenses with finality in the sense of completion of the litigation, the partial judgment that is rendered should be sufficiently final; it should dispose of the claim or dispute in regard to which the judgment is rendered. *See Van ex rel. White v. Davis*, 00-206 (La.App. 1 Cir. 2/16/01), 808 So.2d 478.

The trial court's decision to certify a partial judgment as final for appeal purposes is to be made on a case-by-case basis, with consideration being given to the judicial administrative interests and equities involved. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S.1, 100 S.Ct. 1460 (1980); *see also Banks v. State Farm Ins. Co.*, 30,868 (La.App. 2 Cir. 3/5/98), 708 So.2d 523. The court may consider the following non-exclusive list of enumerated factors when determining whether a certain partial judgment is one that may be immediately appealable:

1) The relationship between the adjudicated and unadjudicated claims;

2) The possibility that the need for review might or might not be mooted by future developments in the trial court;

3) The possibility that the reviewing court might be obliged to consider the same issue a second time; and

4) Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113 at 1122 (citing *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3rd Cir. 1975)).

In this case, the trial court provided express, written reasons for its order that designated the partial summary judgment as final for appeal purposes. Because the trial court provided these explicit reasons for its determination, we are to review the certification applying the abuse of discretion standard of review. *See Messinger*, 894 So.2d 1113. When applying this standard, great latitude is generally given, and the trial court's decision is not to be disturbed absent a finding of a clear abuse of discretion. *See Rourke v. Coursey*, 338 So.2d 1197 (La.App. 3 Cir. 1976); *see also City of New Orleans v. New Orleans Canal, Inc.*, 173 So.2d 43 (La.App. 4 Cir. 1965).

In its Written Reasons, the trial court explained its decision to certify the judgment as final for appeal purposes, as follows:

> The court agrees with Smit that the unresolved issues in this case are sufficiently distinguishable from those issues decided on the motion for partial summary judgment. The court previously determined that WHC owed to Smit $621,410.77 for work performed and that WHC was not entitled to any type of setoff. The court finds that WHC's unresolved issues in its reconventional demand are clearly separate issues. Further, the court agrees with Smit that if the judgment is not certified as final, WHC will have succeeded in accomplishing indirectly what it could not do directly; that is, to postpone the final judgment in hopes that it can in the future setoff an unliquidated claim against a liquidated one which this Court has already determined there is no genuine issue of material fact. Finally, WHC's argument that it is concerned about the solvency of Smit is not a sufficient concern to defeat certification. As argued by Smit, it is also concerned about the solvency of WHC. The court does not find that this concern has any serious bearing on the merits of the certification.

We find that the trial court abused its discretion in certifying the partial judgment as final for appeal purposes for multiple reasons: the existing relationship between the adjudicated and remaining unadjudicated claims in this case, the possibility that

7

future case rulings may affect this judgment, and the possibility that this court may have to consider this same issue in later appeals. *See Curtiss-Wright*, 446 U.S. 1.

This case contains cross-claims, as well as third-party claims of breach of contract, negligence, and intentional tort, all of which arise out of the contracts and work involved in the completion of the North Mississippi River Crossing. The trial court's certified judgment addressed only the slim issues placed before it by Smit—whether the balance of the agreed upon subcontract price being withheld by WHC ($621,410.77) was owed to Smit pursuant to the terms of the subcontract and whether WHC was entitled to a "set-off" for its unadjudicated claims against Smit under the subcontract. We disagree with the trial court's position that its judgment on the issue of Smit's entitlement to the unpaid fee is sufficiently distinguishable from the remaining claims. We find that when this case is considered as a whole, the trial court's finding of no genuine issue of material fact as to Smit's entitlement to the $621,410.77 is so interrelated to the remaining unadjudicated claims that it will necessarily be affected by later judgments rendered in this case. For instance, it is possible that this judgment could be rendered moot by a judgment ultimately rendered in favor of WHC on its claim for accrued expenses in the exact amount as that which has already been awarded to Smit. Moreover, subsequent rulings on liability for the remaining claims of damages that have been asserted by both WHC and Smit against Exxon and Eustis Engineering could affect the partial summary judgment that has been rendered by the trial court in favor of Smit. As the trial court recognized in its Written Reasons for its certification of the judgment as final, the $621,410.77 at issue remains a disputed sum.

As was noted by the supreme court in the *Messinger,* 894 So.2d at 1122, decision:

8

Historically, we have a policy against multiple appeals and piecemeal litigation. We also ensure that our courts operate under principles of sound judicial administration to promote judicial efficiency and economy. . . . Article 1915 . . . attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties.

Accordingly, we find that the interests of judicial administration and justice to all of the parties involved outweigh any interest of Smit in having its judgment certified as final so that it may execute on the judgment or immediately exercise the option of having the judgment reviewed on appeal. *See Messinger*, 894 So.2d 1113. We do not find this to be one of those situations in which the claims of the case are sufficiently unrelated such that the courts' concerns regarding piecemeal appeals are assuaged. *See Curtiss-Wright*, 446 U.S. 1. The appeal is hereby dismissed, and the judgment certifying the appeal as final is vacated.

IV.

## CONCLUSION

The judgment certifying the motion for partial summary judgment as final pursuant to La.Code Civ.P. art. 1915(B)(1) in favor of Smit Land & Marine, Inc., is vacated. This appeal is dismissed, and the case is remanded to the district court for trial. Costs of this appeal are assessed to plaintiff-appellee, Smit Land & Marine, Inc.

**APPEAL DISMISSED; ORDER VACATED AND CASE REMANDED.**