JENNIFER S. SPENCER
v.
PHONG T. UONG, ET AL.
No. 08-1548.
Court of Appeals of Louisiana, Third Circuit.
March 11, 2009
NOT DESIGNATED FOR PUBLICATION
THOMAS O. WELLS, Attorney at Law for Plaintiff/Appellant: Jennifer S. Spencer.
JOHN PATRICK DOGGETT, Provosty, Sadler, & DeLaunay and BONITA K. PREUETT-ARMOUR, Armour Law Firm, for Defendant/Appellant: Clarendon National Insurance Company.
JOSEPH PAYNE WILLIAMS Williams & Williams for Defendant/Appellee: Phong T. Uong Louisiana Farm Bureau Casualty Insurance Company.
JEFFREY I. MANDEL, JUGE, NAPOLITANO, GUILBEAU, for Intervenor/Appellee: Sentry Insurance Company.
Court composed of DECUIR, PICKETT, and GREMILLION, Judges.
DECUIR, Judge.
On January 20, 2009, this court issued a rule for the appellants to show cause, by brief only, why the instant appeal should not be dismissed as having been improperly designated appealable pursuant to La.Code Civ.P. art. 1915. The plaintiff, Jennifer S. Spencer, filed a response to this court's rule on January 28, 2009. The defendant, Clarendon National Insurance Company (Clarendon), filed its response on February 3, 2009. For the reasons assigned below, we dismiss the appeal.
The instant litigation arises out of a vehicular collision. The plaintiff alleged that her employer's uninsured/underinsured motorist carrier, Clarendon, provided uninsured/underinsured motorist coverage for her accident. Clarendon filed a motion for summary judgment alleging that there was no uninsured/underinsured motorist coverage for the accident because plaintiff's employer had signed a valid waiver of uninsured/underinsured motorist coverage. The plaintiff filed a cross motion for summary judgment alleging, in part, that her employer had not executed a valid waiver because the person who signed the form was not authorized to reject uninsured/underinsured motorist coverage.
Following a hearing, the trial court issued a judgment that denied Clarendon's motion for summary judgment and granted, in part, the plaintiff's motion for summary judgment, finding that Clarendon's policy provides uninsured/underinsured motorist coverage for the accident in question. Both Clarendon and plaintiff have appealed this ruling. In its judgment, the trial court designated the portion of the ruling granting the summary judgment an appealable final judgment, having expressly determined that there is no just reason for delay pursuant to La.Code Civ.P. art. 1915(B). In its supplemental reasons for judgment, the trial court stated: "The court believes the legal issue of coverage is clear: the circumstances here would result in UM coverage, assuming that the plaintiff proves damages in the amount sufficient to reach the UM policy. If the damages are certain, there is no reason to protract the litigation."
In response to this court's order that appellants show cause why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory ruling, the plaintiff admits that the ruling at issue is not an appealable judgment. However, the plaintiff requests that this court convert the appeal to an application for supervisory writs. In its response to the rule, Clarendon argues that the ruling was properly designated even though reversal of the summary judgment at issue will not terminate the entire suit, it will terminate the litigation as to Clarendon.
In this case, the trial court provided express, written reasons for its order that designated the partial summary judgment as final for appeal purposes. The applicable standard of review in this case is set forth in SmitLand & Marine, Inc. v. WHC, Inc., 05-1254 (La.App. 3 Cir. 5/3/06), 930 So.2d 215, 220, as follows:
Because the trial court provided these explicit reasons for its determination, we are to review the certification applying the abuse of discretion standard of review. See [R.J. Messinger, Inc. v. Rosenblum, 04-1664 (La. 3/2/05),] 894 So.2d 1113. When applying this standard, great latitude is generally given, and the trial court's decision is not to be disturbed absent a finding of a clear abuse of discretion. See Rourke v. Coursey, 338 So.2d 1197 (La.App. 3 Cir.1976); see also City of New Orleans v. New Orleans Canal, Inc., 173 So.2d 43 (La.App. 4 Cir.1965).
In applying the R.J. Messinger factors to the instant case, we find that a reversal of the judgment sub judice, which granted a motion for partial summary judgment, will not terminate the entire litigation. The judgment merely finds that the Clarendon policy provides uninsured/underinsured motorist coverage if the plaintiff is able to establish damages in an amount sufficient to reach the uninsured/underinsured coverage amount. Moreover, the trial court could revise its ruling on the motion for partial summary judgment at any time prior to final judgment pursuant to La.Code Civ.P. art. 1915(B)(2), thus rendering the need for this appeal moot. In addition, the judgment may also be rendered moot by future developments in the trial court. For example, if at trial the plaintiff fails to prove damages in an amount sufficient to invoke the uninsured/underinsured motorist coverage, then Clarendon may never be required to pay any portion of the damage claim.
We find that judicial resources would be unnecessarily expended by the appellate review of the partial summary judgment at this time, considering the possibility of a later appeal involving the adjudication of the remaining claims. Thus, we find that this matter is not ripe for immediate appeal and that the trial court abused its discretion in designating its ruling appealable pursuant to La.Code Civ.P. art. 1915. Rather, we find that review of this ruling can be made upon the rendition of the final judgment adjudicating all remaining issues in this action.
Therefore, we hereby dismiss the instant appeal with costs to be equally divided among the appellants.
APPEAL DISMISSED.
THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.