726 So.2d 432 (1999)
Jeffrey J. COLSON, Curtis P. Colson, Sr., Joanne E. Colson, Scott Colson, Brian A. Colson and Michael Colson
v.
LOUISIANA STATE RACING COMMISSION, State of Louisiana, Fairgrounds Corporation and Paul Gregoire.
No. 98-CA-0944
Court of Appeal of Louisiana, Fourth Circuit.
January 6, 1999.
Rehearing Denied January 29, 1999.
*433 Scott W. McQuaig, W. Chad Stelly, McQuaig & Stelly, Metairie, Louisiana, Counsel for Defendant/Appellant.
Robert M. Johnston, Adams, Johnston & Oreck, New Orleans, Louisiana, Counsel for Defendant/Appellee.
Paul A. Bonin, New Orleans, La, Counsel for Plaintiffs/Appellees.
Court composed of Judge WILLIAM H. BYRNES III, Judge STEVEN R. PLOTKIN, Judge PATRICIA RIVET MURRAY.
PLOTKIN, Judge.
This appeal raises issues concerning insurance coverage for injuries incurred by plaintiff Jeffrey J. Colson while he was riding a horse during a "schooling race" at the New Orleans Fairgrounds. The trial court granted a motion for summary judgment filed by Fairgrounds, finding that the "Commercial General Liability Coverage Form" issued by defendant MIC Property & Casualty Insurance Co. imposes a duty to defend and to provide liability insurance coverage to Fairgrounds under the allegations of the petition in this case. MIC Property & Casualty appeals.

Facts
Mr. Colson was injured on March 3, 1991, while riding a horse named "Todd's Relish," during a schooling race at the Fairgrounds. A schooling race is a practice race for horses that have never before raced on a track. In filing suit against Fairgrounds, Mr. Colson and various other plaintiffs (hereinafter referred to collectively as "Mr. Colson") alleged the following three categories of negligence: (1) breach of duties to Mr. Colson in his capacity as a jockey; (2) failure to properly maintain the surface of the track; and (3) failure to provide adequate medical care to Mr. Colson after the accident. Fairgrounds filed a third-party demand against MIC Property & Casualty, its commercial general liability insurer.
In support of its argument that coverage is excluded under the express terms of the insurance policy at issue, MIC Property & Casualty cites the following policy endorsement:

EXCLUSION  ATHLETIC OR SPORTS PARTICIPANTS
This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART.

SCHEDULE
Description of Operations:
RODEO, RODEO TYPE EVENTS, RACES, VAULTING, HUNTS, POLO MATCHES AND/OR PRACTICES.
(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)
With respect to any operations shown in the Schedule, this insurance does not apply to "bodily injury" to any person while practicing for or participating in any sports or athletic contest or exhibition that you sponsor.
FOR THE PURPOSES OF THIS ENDORSEMENT ANY PERSON "PARCTICING *434 [sic] FOR OR PARTICIPATING IN" SHALL INCLUDE ANY PERSON RIDING OR DRIVING A HORSE FOR THE PURPOSE OF WARM-UP, EXERCISE, PRACTICE OR RACE.
Fairgrounds claims that MIC Property & Casualty is liable despite the above provision because Mr. Colson's allegations concerning failure to properly maintain the track, as well as their allegations concerning failure to provide Mr. Colson proper medical care after the accident, are not excluded by the above provision.

Appealable nature of judgment
Fairground's primary argument on appeal is that the summary judgment is not an appealable judgment under the 1997 amendments to LSA-C.C.P. art. 1915, which provides, in pertinent part, as follows:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * *
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, including a summary judgment granted pursuant to Article 966(E).
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
(Emphasis added.) Relying on the above codal provision, Fairgrounds claims that this appeal should be dismissed. In a vain attempt to avoid dismissal, MIC Property & Casualty cites only language in La. C.C.P. art. 1915(A) which indicates that a summary judgment is still a "final judgment," even after the 1997 amendments. MIC Property & Casualty then cites La. C.C.P. art. 2083, which allows appeals from a "final judgment."
However, the reference to summary judgments as "final judgments" in La. C.C.P. art. 1915(A) must be interpreted in light of the clear language of La. C.C.P. art. 1915(C), which clearly restricts the effects flowing from a designation of a partial summary judgment as a "final judgment." Despite the fact that La. C.C.P. art. 1915(A) indicates that a partial summary judgment is a "final judgment" for some purposes, La. C.C.P. art. 1915(C) clearly and unambiguously says that such partial "final judgments" are not to be considered final judgments for appeal purposes.
The judgment at issue in this case has not been designated as final judgment "by the court after an express determination that there is no just reason for delay." Moreover, the parties have not agreed that the judgment is a final judgment for appeal purposes. Thus, the judgment is not appealable under La. C.C.P. art. 1915; the article allows this court no discretion to consider the judgment appealable. Accordingly, the appeal must be dismissed.

Consideration of merits under supervisory jurisdiction
Despite the fact that this court is constrained by La. C.C.P. art. 1915 from reviewing the partial summary judgment under its appellate jurisdiction, nothing in the 1997 amendments to that article prevents this court from considering the arguments of *435 the parties in this case under its supervisory jurisdiction. See City of Plaquemine v. North American Constructors, Inc., 96-1825 (La.11/8/96), 682 So.2d 1253. In fact, MIC Property & Casualty initially filed a notice of intent to apply for writs, but did not pursue the writ application after the trial court granted leave to appeal. Fairgrounds did not move to dismiss the appeal, but instead waited to assert that the judgment was not appealable in its appellate brief. Both parties have addressed the merits of the coverage issue in their argument to this court, and a decision in favor of MIC Property & Casualty would terminate its involvement in this litigation. Thus, the judgment granting the motion for summary judgment should be reviewed under our supervisory jurisdiction. See Herlitz Construction Co. v. Hotel Investors, 396 So.2d 878 (La.1981).
However, we find no error in the trial court judgment granting the motion for summary judgment in favor of Fairgrounds. Although Mr. Colson's personal injuries sustained in the accident which occurred during a schooling race are clearly excluded from coverage by the exclusion quoted above, Mr. Colson's allegations concerning negligent failure to maintain the racetrack and failure to provide adequate medical care following the accident are not clearly excluded because they are "independent" of Mr. Colson's participation in the race. See Sam v. Delta Downs, Inc., 564 So.2d 829 (La.App. 3 Cir. 1990). Accordingly, we deny any relief.

Conclusion
Accordingly, the appeal of the summary judgment in favor of Fairgrounds is hereby dismissed. Following review of the trial court judgment under our supervisory jurisdiction, relief is denied.
APPEAL DISMISSED; REVIEWED UNDER SUPERVISORY JURISDICTION; RELIEF DENIED.