| .WOODARD, Judge.

MOTION TO DISMISS

Plaintiffs, Michael Murphy and Mark Ordoyne, filed separate suits against defendant, Judy Belanger, alleging defamation. Defendant, Judy Belanger, reconvened alleging she was sexually harassed by Mark Ordoyne and that she was discriminated against in her employment with Chauvin Funeral Home by Michael Murphy.
Defendant, Judy Belanger, filed a third party demand against Louisiana Farm Bureau Mutual Insurance Company (“Louisiana Farm Bureau”) seeking coverage for ls>the defamation claims against her under her homeowner’s policy. On August 24, 1999, Louisiana Farm Bureau filed a motion for summary judgment seeking dismissal of defendant’s third party demand against it on the basis of the intentional act exclusion in the policy issued to Judy Be-langer. A hearing on the motion for summary judgment was held on September 3, 1999. The trial court granted Louisiana Farm Bureau’s motion for summary judgment and dismissed the demands of third party plaintiff, Judy Belanger. Judgment was signed on September 13,,1999.
On September 22, 1999, third party plaintiff, Judy Belanger, filed a petition for appeal from the judgment of September 13, 1999. Appellee, Louisiana Farm Bureau, filed the instant motion to dismiss the appeal based on appellant’s failure to comply with La.Code Civ. P. art. 1915.
La.Code Civ. P. art. 1915 was recently amended effective January 1, 2000. The judgment at issue was rendered prior to the effective date of the recent amendment to La.Code Civ. P. art. 1915. In Kanz v. Wilson, 96 0882 (La.App. 1 Cir. 11/17/97), 703 So.2d 1331, the court refused to apply the amendment to art. 1915 which was effective on July 1,1997 to a judgment which was rendered prior to the effective date of the amendment. Therefore, art. 1915, as it read at the time the judgment at issue was rendered, applies to this case.
La.Code Civ. P. art. 1915 B, prior to the change' which became effective on January 1, 2000, provided, in pertinent part:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories or parties, whether in an original demand, re-conventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to b.y the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal.
In the instant case, the judgment granting Louisiana Farm Bureau’s motion for |3summary judgment and dismissing the third party demand of Judy Belanger is a partial summary judgment. Pursuant to La.Code Civ. P. art. 1915 B, a partial judgment is final only if the parties ex *500 pressly agree to the finality of the judgment or if the trial court designates the ruling as a final judgment after an express determination that there is no just reason for delay. In the absence of either of these alternatives, article 1915 B provides that a partial judgment is not to be considered as final for the purpose of an immediate appeal. In the present case, the trial court has not made the required determination of finality nor have the parties expressly agreed to the finality of the judgment.
Therefore, the above-captioned cases are hereby remanded for an agreement by the parties as to the finality of the judgment or for a designation of the judgment as final in the event the trial court expressly determines that there is no just reason for delay. Appellant is hereby ordered to supplement the record in this case with the above-described judgment or agreement. In the event the record in this case is not supplemented with the said judgment or agreement within fifteen (15) days from the date of this order, this appeal will be considered dismissed.
REMANDED.