796 So.2d 900 (2001)
William D. WOODWARD, et al.
v.
William Kent CUTRER, et al.
No. 01-0378.
Court of Appeal of Louisiana, Third Circuit.
October 3, 2001.
*901 Karl E. Boellert, Lake Charles, LA, Counsel for Karl E. Boellert, William D. Woodward, Elizabeth S. Woodward, Kathleen M. Boellert.
Allen L. Smith Jr., Plauche, Smith & Nieset, Lake Charles, LA, Counsel for Diane Marie Crocker, Edward Frank Crocker, Jr., Natalie D. Gehrig, Melvin Myron Gehrig, Jr., William Kent Cutrer, Linda Arnold Cutrer.
Kenneth Michael Wright, Lake Charles, LA, Counsel for Kathleen M. Boellert, Elizabeth S. Woodward, William D. Woodward, Karl E. Boellert.
Milo Addison Nickel Jr., Lake Charles, LA, Counsel for William Kent Cutrer, Linda Arnold Cutrer, Melvin Myron Gehrig, Jr., Natalie D. Gehrig, Edward Frank Crocker, Jr., Diane Marie Crocker.
Court composed of NED E. DOUCET JR., Chief Judge, and OSWALD A. DECUIR and MARC T. AMY, Judges.
DECUIR, Judge.
This is an appeal from the trial court's grant of partial summary judgment ordering the removal or relocation of a boathouse and pier in accordance with original building restrictions in the Cyprien Estates Subdivision near Lake Charles, Louisiana. For the reasons that follow, this matter is dismissed without prejudice.

FACTS
In 1990, Elizabeth Woodward established Cyprien Estates Subdivision by dividing 8.44 acres into twelve lots. In conjunction with the establishment of Cyprien Estates, Woodward prepared and appropriately filed certain building restrictions. A major feature of these restrictions was the requirement that all construction plans be submitted to Woodward or her designee for approval.
Subsequently, William and Linda Cutrer purchased a lot in Cyprien Estates and built a home in conformity with the building restrictions. In April of 1996, the Cutrers applied to the U.S. Army Corp of Engineers for a permit to install and maintain a wharf, boathouse, and slips for recreational use on Prien Lake adjacent to their home in Cyprien Estates. Woodward requested that the Cutrers submit copies of the plans for this new construction to her for approval in accordance with the building restrictions. Woodward did not grant approval. However, she indicated that she would grant approval if the Cutrers would relocate the construction 100 feet further south.
Rather than comply with Woodward's request, the Cutrers decided to utilize the procedure for amending the building restrictions set forth in the act creating them. Therefore, they convinced a majority of the lot owners in Cyprien Estates to amend the building restrictions so as to remove the requirement that Woodward or her designee approve construction plans. Having secured this amendment and *902 appropriately filed it in the public records, the Cutrers commenced construction of the wharf, boathouse and slips.
The Woodwards and Mr. & Mrs. Karl Boellert filed suit naming all the landowners who consented to the amendment as defendants and initially seeking to have the amendment nullified and damages awarded, but not seeking an injunction against building the wharf. The Cutrers filed an exception of no cause of action and a motion for partial summary judgment. The trial court, in the person of Judge William McLeod, rendered an opinion finding that existing law precluded application of building restrictions to navigable waters owned by the state and granting the Cutrers' motion. The plaintiffs appealed to this court, which reversed the trial court on the grounds that the law in effect at the time prohibited the granting of a partial exception of no cause of action.
Plaintiffs then filed a motion for partial summary judgment seeking to have the amendments to the building restrictions declared null and void and order the wharf removed. The Cutrers filed a cross motion for summary judgment. The trial court, with Judge Gregory Lyons replacing the retired Judge McLeod, granted the plaintiff's motion for partial summary judgment and ordered the removal or relocation of the wharf. Judge Lyons explicitly declared in his ruling that his opinion and order were to operate as a final judgment. The Cutrers lodged this appeal.

DISCUSSION
The appellees argue that this partial summary judgment is not appealable because the trial court did not comply with the requirements of La.Code Civ.P. art. 1915(B). Specifically, the appellees contend that the trial court's designation of the judgment as final did not comply with Article 1915 in that the trial court failed to make an express determination that there is no just reason for delay. We agree.
La.Code Civ.P. art. 1915 B(2) specifically provides:
In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal....
(Emphasis added.)
This court's appellate jurisdiction extends to "final judgments." La.Code Civ. P. art. 2083. Thus, in the absence of certification through express determination of no just reason for delay and designation as a final judgment by the trial court, a jurisdictional defect exists.
In some cases, the courts of this state faced with similar situations have exercised their supervisory jurisdiction. See Colson v. Louisiana State Racing Comm'n, 98-0944 (La.App. 4 Cir. 1/6/99); 726 So.2d 432; Basco v. Dorthy R. Racine Trucking, Inc., 97-2740 (La.App. 1 Cir. 12/28/98); 725 So.2d 606, writ denied, 99-0263 (La.3/19/99); 740 So.2d 119. However, the courts have not uniformly exercised their supervisory jurisdiction even within circuits. See Jackson v. America's Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99); 729 So.2d 1060; In re Chemical Release at Bogalusa, 98-1122 (La.App. 1 Cir. 8/27/98); 718 So.2d 1015; writs granted, 98-2505 (La.11/6/98); 726 So.2d 916.
We believe that in cases like this one, where the trial court has failed to make an express determination that there is no just reason for delay, the prudent course is that taken by the Second Circuit. In In re Succession of Grimmett, 31,975, 32,217, 32,364, p. 3 (La.App. 2 Cir. 3/5/99); 738 So.2d 27, 31, the court said:

*903 Furthermore, we agree that, generally speaking, it is improper to review the merits of an uncertified partial judgment pursuant to supervisory jurisdiction, without first considering whether or what the trial court has ruled on the propriety vel non of certification. To do so would take from the trial court the responsibility invested in it by the legislature of weighing and balancing the competing factors with which that court is more familiar and upon which it is to exercise its discretion in determining whether the interest of sound judicial administration will be better served through an immediate appeal. At the same time, our conclusion in no way restricts the plenary supervisory powers this court may exercise in its discretion in a proper case. Thus, when an appeal of an uncertified partial judgment comes before this court, we ordinarily will neither provide additional time for certification, nor exercise our supervisory jurisdiction to address the merits.
Faced with a similar situation, this court recently reached the same conclusion in Ordoyne v. Belanger, 00-168, 00-169 (La. App. 3 Cir. 4/19/00); 760 So.2d 498. In this case, the trial court designated the judgment as final but failed to make an express determination that there was no just reason for delay. Accordingly, the judgment is not final for the purpose of an immediate appeal and is not properly before this court.

CONCLUSION
For the foregoing reasons, this appeal is dismissed without prejudice.
APPEAL DISMISSED WITHOUT PREJUDICE.