STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1615

KEVIN FIX AND CONNIE FIX

VERSUS

CURTIS BRAXTON ROGAN, ET AL.

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2003-1499,
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

APPEAL DISMISSED WITHOUT PREJUDICE.

Rex D. Townsley
The Townsley Law Firm
3102 Enterprise Blvd.
Lake Charles, LA  70601
(337) 478-1400
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Kevin Fix and Connie Fix

V. Ed McGuire, III
Plauché, Smith & Nieset
Post Office Drawer 1705
Lake Charles, LA  70602
(337) 436-0522
COUNSEL FOR DEFENDANT/APPELLANT:
    Progressive Halcyon Insurance Company

PETERS, J.

This is an appeal from a partial summary judgment finding that the plaintiffs, Kevin and Connie Fix, husband and wife, had liability insurance on their 2002 Cadillac on January 26, 2003, and were therefore not uninsured within the meaning of Louisiana's "no pay, no play" statute, La.R.S. 32:866(A). We find that this court lacks jurisdiction to review the partial summary judgment. It is not a final judgment subject to appeal under La.Code Civ.P. art. 1915, nor is it an interlocutory judgment which may cause irreparable injury so as to render it appealable under La.Code Civ.P. art. 2083(A). Accordingly, we dismiss the appeal and decline to review it under our supervisory jurisdiction for the reasons given in *Woodward v. Cutrer*, 01-0378 (La.App. 3 Cir. 10/3/01), 796 So.2d 900.

## DISCUSSION OF THE RECORD

The litigation arises from a January 26, 2003 automobile accident involving a vehicle driven by Kevin Fix and one driven by Curtis Braxton Rogan. On March 21, 2003, Mr. Fix and his wife, Connie (who was a passenger in the vehicle driven by her husband), filed suit to collect the damages they allegedly sustained in the accident, naming Mr. Rogan and the liability insurer of the vehicle, Progressive Halcyon Insurance Company (Progressive Halcyon), as defendants. In its answer to the petition, Progressive Halcyon denied the allegations of fault on the part of Mr. Rogan and asserted the affirmative defense that the vehicle driven by Mr. Fix, a 2002 Cadillac Seville, was not covered by liability insurance on the day of the accident and that, therefore, Progressive Halcyon was entitled to the benefit of the limitation of recovery provisions of La.R.S. 32:866(A).

On March 2, 2004, the plaintiffs filed a motion for summary judgment directed to the coverage issue raised by Progressive Halcyon. In their motion, the plaintiffs

asserted that they were covered at the time of the accident by either a policy issued by Progressive Security Insurance Company (Progressive Security), or a policy issued by Trinity Universal of Kansas Insurance Company (Trinity Universal), or both. Progressive Halcyon responded to this motion by filing a motion for summary judgment of its own through which it sought judgment declaring that neither policy offered liability coverage to the plaintiffs at the time of the accident.

The only evidence presented at the June 29, 2004 hearing on the motions consisted of copies of the Progressive Security and Trinity Universal policies. After considering the content of the policies and hearing the arguments of counsel, the trial court concluded that the Progressive Security policy did not provide liability coverage to the plaintiffs but that the Trinity Universal policy did. Thus, the trial court granted Progressive Halcyon's motion for summary judgment to the extent that it found that the Progressive Security policy provided no liability coverage to the plaintiffs, but granted the plaintiffs' motion for summary judgment to the extent that it found that the Trinity Universal policy did provide liability coverage to the plaintiffs. After the trial court signed a judgment conforming to its rulings on the motions for summary judgment, Progressive Halcyon filed this appeal.

In its appeal, Progressive Halcyon asserts that the trial court erred in granting the plaintiffs' motion for summary judgment to the extent that it concluded that Trinity Universal's policy afforded liability insurance coverage to the plaintiffs for the accident sued upon. We do not reach the merits of the appeal. Instead, for the following reasons, we dismiss the appeal. "[A]n appellate court may dismiss an appeal on its own motion where there is no right to appeal." *Deshotels v. Evangeline Parish Sch. Bd.*, 95-1462, p. 3 (La.App. 3 Cir. 4/3/96), 671 So.2d 1136, 1137.

2

Louisiana Code of Civil Procedure Article 2083(A) provides that "[a]n appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814." Thus, the question before us is whether the trial court judgment is a final judgment rendered in a cause in which appeals are given by law or an interlocutory judgment which may cause Progressive Halcyon irreparable injury.

The trial court judgment rendered on June 29, 2004, is a partial judgment. A partial judgment may be a final judgment even if it does not grant the successful party all the relief prayed for or adjudicate all of the issues in the litigation. La.Code Civ.P. art. 1915(A). Louisiana Code of Civil Procedure Article 1915(A) lists partial judgments that are final. That list includes a trial court grant of "a motion for summary judgment, as provided by [Louisiana Code of Civil Procedure] Articles 966 through 969, but not including a summary judgment granted pursuant to [Louisiana Code of Civil Procedure] Article 966(E)." La.Code Civ.P. art. 1915(A)(3).

Louisiana Code of Civil Procedure Article 966(E) provides for the grant of summary judgments in favor of any one or more of the parties to the litigation that are "dispositive of a particular issue, theory of recovery, cause of action, or defense" even if the grant of "the summary judgment does not dispose of the entire case." The summary judgment at issue does not dispose of the entire litigation, but does have the effect of rejecting Progressive Halcyon's affirmative defense asserted under La.R.S. 32:866(A). Therefore, it is not a partial final judgment as contemplated by La.Code Civ.P. art. 1915(A)(3).

3

Even if a partial summary judgment does not qualify as a final judgment under La.Code Civ.P. art. 1915(A)(3), it may still constitute a final judgment for the purpose of an immediate appeal if it is designated as a final judgment by the trial court after a determination that there is no just reason for delay. La.Code Civ.P. art. 1915(B)(1). However, in the absence of such a designation, such a judgment "shall not constitute a final judgment for the purpose of an immediate appeal." La.Code Civ.P. art. 1915(B)(2). The trial court has not designated its partial summary judgment in accordance with La.Code Civ.P. art. 1915(B)(1).

Because the judgment at issue is not a final judgment under La.Code Civ.P. art. 1915(A) and has not been properly designated as such under La.Code Civ.P. art. 1915(B), it is not appealable as one "in which appeals are given by law." La.Code Civ.P. art. 2083(A).

Nor do we find that the judgment at issue is "an interlocutory judgment which may cause irreparable injury." La.Code Civ.P. art. 2083(A). Progressive Halcyon has not argued this issue in its brief, and we cannot perceive how the judgment may cause irreparable injury.

We have given some thought as to whether we should exercise our supervisory jurisdiction.[1] In *Woodward*, 796 So.2d at 902-03, we stated the following:

> We believe that in cases like this one, where the trial court has failed to make an express determination that there is no just reason for delay, the prudent course is that taken by the Second Circuit. In *In re Succession of Grimmett*, 31,975, 32,217, 32,364, [pp. 6-7] (La.App. 2 Cir. 3/5/99); 738 So.2d 27, 31, the court said:

---

[1]In the index to its appellate brief, Progressive Halcyon writes: "I. **STATEMENT OF THE GROUNDS UPON WHICH SUPERVISORY JURISDICTION OF THIS COURT IS INVOKED**." (Emphasis added.) However, in the body of the brief, the statement itself declares only that it "invokes the *appellate* jurisdiction of this Court pursuant to LSA-C.C.P. Arts. 2083 and 2087, and Uniform Rules - Louisiana Court's [sic] of Appeal." (Emphasis added.) We interpret the brief as a whole to mean it is invoking our appellate jurisdiction.

4

Furthermore, we agree that, generally speaking, it is improper to review the merits of an uncertified partial judgment pursuant to supervisory jurisdiction, without first considering whether or what the trial court has ruled on the propriety *vel non* of certification. To do so would take from the trial court the responsibility invested in it by the legislature of weighing and balancing the competing factors with which that court is more familiar and upon which it is to exercise its discretion in determining whether the interest of sound judicial administration will be better served through an immediate appeal. At the same time, our conclusion in no way restricts the plenary supervisory powers this court may exercise in its discretion in a proper case. Thus, when an appeal of an uncertified partial judgment comes before this court, we ordinarily will neither provide additional time for certification, nor exercise our supervisory jurisdiction to address the merits.

Following the reasoning of this circuit in *Woodward*, we decline to exercise our supervisory jurisdiction.

## DISPOSITION

For the foregoing reasons, we dismiss the appeal without prejudice and tax all costs of this appeal to Progressive Halcyon Insurance Company.

**APPEAL DISMISSED WITHOUT PREJUDICE.**