NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-956

LILLIAN RUSSELL, ET AL.
VERSUS
NEW PRIME INC., ET AL

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 206,617
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and J. David Painter, Judges.

APPEAL DISMISSED.

Mary MacConnell Ferry
Allen J. Krouse, III
Frilot, Partridge, Kohnke
1100 Poydras Street, Ste 3600
New Orleans, LA 70163
(504) 599-8000
Counsel for Defendant/Appellant:
    RLI Insurance Company

**Roy Seale Halcomb, Jr.**
**Broussard, Bolton, Halcomb**
**Post Office Box 1311**
**Alexandria, LA 71309**
**(318) 487-4589**
**Counsel for Plaintiff/Appellee:**
     **Lillian Russell**
     **Kenneth Russell**
     **Timothy Russell**


**Christopher Joseph Aubert**
**James Philip Meyer**
**The Aubert Law Firm**
**506 E. Rutland St.**
**Covington, LA 70433-3219**
**(985) 809-2000**
**Counsel for Defendant/Appellee:**
     **Perry J. Tyler**
     **New Prime, Inc.**


**Michael Edward Parker**
**Emile Joseph, Jr.**
**Allen & Gooch**
**Post Office Drawer 3768**
**Lafayette, LA 70502-3768**
**(337) 291-1350**
**Counsel for Defendant/Appellee:**
     **Louisiana Insurance Guaranty Assoc.**

**PICKETT, Judge.**

The Plaintiffs-Appellees, Lillian Russell, Kenneth Russell, and Timothy Russell, move to dismiss the appeal by the Defendant-Appellant, RLI Insurance Company, Inc. The Russells assert that the issue raised in the appeal was previously addressed by this court when it affirmed the trial court's denial of RLI's motion for summary judgment. *See Lillian Russell, et al. v. New Prime, Inc., d/b/a Prime, Inc., et al.*, an unpublished writ opinion bearing docket number 06-292 (La.App. 3 Cir. 3/22/06). For the reasons assigned below, we grant the motion to dismiss the appeal.

The Plaintiffs' suit against the Defendants arises from an accident in which Laura Russell was killed. The suit alleges, in part, that RLI had issued one or more insurance policies which covered the accident. One of the policies involved was an umbrella policy issued by RLI to Reliance National Insurance Company; prior to the suit, Reliance was declared insolvent.

On July 7, 2005, RLI filed a motion for summary judgment asserting that its umbrella policy did not require RLI to "drop down" to provide primary coverage in the place of the insolvent Reliance. Defendants-Third-Party Plaintiffs, Perry J. Tyler and New Prime, Inc. d/b/a Prime, Inc. (New Prime), also filed a motion for summary judgment, asserting that RLI provided primary coverage for the claim asserted in the suit. The trial court denied RLI's motion while granting Tyler/New Prime's motion. RLI then sought supervisory writs in this court. This court denied the writ application finding no error in the trial court's denial of RLI's motion for summary judgment.

On February 10, 2006, prior to this court's ruling on their application for writs, RLI moved the trial court to designate the granting of Tyler/New Prime's

1

motion for summary judgment as final under La.Code Civ.P. art. 1915(B). On March 1, 2006, the trial court issued an order entitled "Partial Final Judgment" which provided as follows:

> Accordingly, there being no just cause for delay and the Court's finding the law and the evidence to be in favor thereof:
>
> **IT IS HEREBY ORDERED, ADJUDGED** and **DECREED** that motion of RLI Insurance Company for summary judgment is **DENIED**.

On March 22, 2006, the same day this court denied RLI's application for writs, RLI filed a motion for devolutive appeal. The trial court granted the motion for appeal on March 24, 2006. The Plaintiffs now seek dismissal of this appeal.

In *Smit Land & Marine, Inc. v. WHC, Inc.*, 05-1254 (La.app. 3 Cir. 5/3//06), 930 So.2d 215, this court vacated a certification of a partial final judgment, and noted that the designation as final of a partial judgment under La.Code Civ.P. art. 1915(B) was to be made on a case-by-case basis. Further, this court observed that the certification as final required the consideration of the judicial administrative interests and the equities involved and noted the factors to be considered in making that determination. In that case, the trial court abused its discretion for "multiple reasons: the existing relationship between the adjudicated and remaining unadjudicated claims in this case, the possibility that future case rulings may affect this judgment, and the possibility that this court may have to consider this same issue in later appeals. *See Curtiss-Wright* [*Corp. v. Gen. Elec. Co.*], 466 U.S. 1[, 100 S.Ct. 1460 (1980)]."

This court also vacated a partial final judgment certification when the trial court failed to comply with the requirements of La.Code Civ.P. art.

2

1915(B), stating "in the absence of certification through express determination of no just reason for delay and designation as a final judgment by the trial court, a jurisdictional defect exists." *Woodward v. Cutrer*, 01-378 (La.App. 3 Cir. 10/3/01), 796 So.2d 900. In that case, the trial court expressly stated that the granting of the plaintiff's motion for summary judgment was to function as a final judgment, but did not make any express determination that there was no just reason for delay. *Id*. at 902.

At the outset, we find that the trial court's judgment stating "there being no just cause for delay" is insufficient to satisfy the requirement that the judgment be designated as final and immediately appealable pursuant to La.Code Civ.P. art. 1915(B). Assuming *arguendo* that the trial court did intend to designate this judgment as final pursuant to this article employing the above quoted language, the record reveals that the trial court did not provide express reasons for designating this judgment as final. The supreme court in *R.J. Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So.2d 1113, has held that when a trial court has failed to provide express reasons for designating a judgment as final and immediately appealable, the appellate court must conduct a *de novo* review of the certification.

After conducting this review in the instant case, this court finds no basis to support a piecemeal appeal of this matter. Inasmuch as we have found that jurisdiction is not proper pursuant to La.Code Civ.P. art. 1915, we do not address the arguments set forth by the Plaintiffs in their motion to dismiss. We hereby dismiss the instant appeal at Appellant's cost.

**APPEAL DISMISSED.**

3