NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-9

RICKIE BROOKS & MELISSA BROOKS

VERSUS

CARL CRAWFORD, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 02-3403
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

MARC T. AMY
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A Decuir, Marc T. Amy, and J. David Painter, Judges.

APPEAL DISMISSED.

Timothy O'Dowd
921 Ryan St., Ste. D
Lake Charles, LA 70601
(337) 310-2304
Counsel for Plaintiffs/Appellants:
    Rickie Brooks and Melissa Brooks


Maurice Tynes
Maurice Tynes & Associates, PLC
4839 Ihles Road
Lake Charles, LA 70605
(337) 479-1173
Counsel for Defendant/Appellee
    Allstate Insurance Company

AMY, Judge

This court issued a rule to show cause directed to the plaintiffs-appellants, Rickie Brooks and Melissa Brooks, to show cause by brief only why the appeal in the above captioned matter should not be dismissed as having been taken from a non-appealable, interlocutory order. For the reasons given herein, we dismiss the appeal.

The plaintiffs brought the instant suit after a road accident in which their son, while riding a minicycle, was struck by a vehicle and killed. The defendant-appellee, Allstate Insurance Company, was the liability insurer for defendant P. Martel, and was named in an amended petition for damages. The plaintiffs filed a motion for partial summary judgment asserting that the policy issued by Allstate did not exclude coverage on the grounds that the accident occurred away from the Martel residence and that the policy did not negate coverage on the policy's negligent supervision exclusion. The trial court ruled on the partial motion for summary judgment at the conclusion of a hearing and on June 15, 2006, signed a judgment in conformity with the ruling.

On August 11, 2006, the plaintiffs filed a motion for a devolutive appeal from the trial court's ruling. The trial court granted the motion on August 22, 2006.

Upon the lodging of the record, this court issued, *sua sponte*, an order for the plaintiffs to show cause, by brief only, why the appeal should not be dismissed. The plaintiffs then filed a response to this court's rule.

The plaintiffs contend in brief that because the trial court designated a portion of its ruling as a "partial final judgment," the denial of the partial motion for summary judgment is appealable. However, the plaintiffs do not mention in their brief that portion of the trial court's ruling regarding issues still pending in that court. While the trial court denied one claim made in the partial motion for summary judgment on the grounds that an exclusion applied, the court addressed a second claim and ruled that another exclusion clause in Allstate's policy involved a disputed question of fact as to its application. Therefore, the trial court ruled that summary judgment was inappropriate that this latter exclusion did not apply. During the hearing on the matter, the trial court discussed its ruling on the issues, and concluded that they were two separate matters, one of which was finally adjudicated, and one of which required a hearing by a jury.

In *Smit Land & Marine, Inc. v. WHC, Inc.*, 05-1254 (La.App. 3 Cir. 5/3/06), 930 So.2d 215, this court vacated a certification of a partial final judgment, and noted

that the designation as final of a partial judgment under La.Code Civ.P. art. 1915(B) was to be made on a case-by-case basis. Further, this court observed that the certification as final required the consideration of the judicial administrative interests and the equities involved and noted the factors to be considered in making that determination. In that case, the trial court abused its discretion for "multiple reasons: the existing relationship between the adjudicated and remaining unadjudicated claims in this case, the possibility that future case rulings may affect this judgment, and the possibility that this court may have to consider this same issue in later appeals. *See Curtiss-Wright* [*Corp. v. Gen. Elec. Co.*], 466 U.S. 1[, 100 S.Ct. 1460 (1980)]." *Id.* at 220.

This court also vacated a partial final judgment certification when the trial court failed to comply with the requirements of La.Code Civ.P. art. 1915(B), stating "in the absence of certification through express determination of no just reason for delay and designation as a final judgment by the trial court, a jurisdictional defect exists." *Woodward v. Cutrer*, 01-378 (La.App. 3 Cir. 10/3/01), 796 So.2d 900. In that case, the trial court expressly stated that the granting of the plaintiff's motion for summary judgment was to function as a final judgment, but did not make any express determination that there was no just reason for delay. *Id.* at 902.

At the outset, we find that the trial court's description of its ruling as a "partial final judgment" is insufficient to satisfy the requirement that the judgment be designated as final and immediately appealable pursuant to La.Code Civ.P. art. 1915(B). Assuming *arguendo* that the trial court did intend to designate this judgment as final pursuant to this article employing the above quoted language, the record reveals that the trial court did not provide express reasons for designating this judgment as final. The supreme court in *R.J. Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So.2d 1113, has held that when a trial court has failed to provide express reasons for designating a judgment as final and immediately appealable, the appellate court must conduct a *de novo* review of the certification.

After conducting this review in the instant case, this court finds no basis to support a piecemeal appeal of this matter. We hereby dismiss the instant appeal at Appellant's cost.

**APPEAL DISMISSED.**

2