NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-391

BETTY SUE DELCAMBRE AND
JOSEPH DELCAMBRE

VERSUS

TONY MANCUSO, IN HIS CAPACITY
AS THE SHERIFF OF CALCASIEU
PARISH, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2017-1653
HONORABLE DAVID RITCHIE, DISTRICT JUDGE

**********

SHANNON J. GREMILLION

JUDGE

**********

Court composed of Shannon J. Gremillion, John E. Conery, and Van H. Kyzar, Judges.

APPEAL DISMISSED WITHOUT PREJUDICE.

Adam Johnson
The Johnson Firm
910 Ford Street
Post Office Box 849
Lake Charles, LA 70602
(337) 433-1414
Counsel for Appellants:
    Betty Sue Delcambre and Joseph Delcambre

**Shayna L. Sonnier**
**Hunter, Hunter & Sonnier, LLC**
**1807 Lake Street**
**Lake Charles, LA  70601**
**(337)436-1600**
**Counsel for Appellants:**
**Betty Sue Delcambre and Joseph Delcambre**

**Robert C. McCorquordale**
**In-House Counsel**
**Calcasieu Parish Sheriff's Office**
**1011 Lakeshore Drive, Suite 203**
**Lake Charles, LA  70602**
**(337) 433-1414**
**Counsel for Appellees:**
**Tony Mancuso, in his Capacity as the**
**Sheriff of Calcasieu Parish, et al.**

**GREMILLION, Judge.**

This court, on its own motion, issued a rule to Appellants, Betty Sue Delcambre and Joseph Delcambre (the Delcambres), to show cause why the appeal in the above captioned case should not be dismissed as having been taken from a non-appealable interlocutory judgment. *See* La.Code Civ.P. art. 1915(B). The Delcambres did not respond to the rule to show cause. For the reasons that follow, we dismiss the appeal.

On April 2, 2017, the Delcambres filed suit against Tony Mancuso in his capacity as the Sheriff of Calcasieu Parish, Lieutenant Leslie Blanchard, and Detective John Melton. The Delcambres sought to recover various damages allegedly resulting from a traffic stop and the subsequent arrest of Mrs. Delcambre in April of 2016. The Delcambres alleged that the arrest was based on charges against Mrs. Delcambre which had prescribed and that the arrest was made as part of a "vendetta" against her by Lieutenant Blanchard.

The defendants filed a motion for partial summary seeking the dismissal of any claims/allegations by the Delcambres with respect to any intentional torts. Defendants' motion for partial summary judgment came for hearing on January 24, 2018. The trial court granted the motion as follows:

> **IT IS ORDERED, ADJUDGED AND DECREED** that the Motion for Partial Summary Judgment filed on behalf of the above named defendants is hereby granted. All allegations and claims associated with an intentional tort, including, but not limited to, abuse of process and infliction of emotional distress are hereby dismissed.
>
> . . . .
>
> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiffs' claims of negligence raised in their petition are preserved and not affected by the granting of the Motion for Partial Summary Judgment.

The judgment in this case does not fall within the ambit of La.Code Civ.P. art. 1915(A) because it falls under the provisions of La.Code Civ.P. art. 966(E) in that it is dispositive of the allegations sounding in intentional tort. Louisiana Code of Civil Procedure Article 1915 reads, in pertinent part:

> B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
>
> (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Because no party was completely dismissed from the litigation by the granting of the motion for partial summary judgment and because the partial summary judgment concerns only the claims sounding in intentional tort, this judgment falls squarely within the ambit of La.Code Civ.P. art. 1915(B). The judgment at issue in this matter adjudicated fewer than all the claims but was not designated by the trial court as appealable, and, absent such a designation, it is not appealable at this time. *Texas Gas Exploration Corp. v. Lafourche Realty Co., Inc.*, 11-520 (La.App. 1 Cir. 11/9/11), 79 So.3d 0154, *writ denied*, 12-360 (La. 4/9/12), 85 So.3d 698. The Delcambres are free to seek the required designation under La.Code Civ.P. art. 1915(B) and then file an appeal of that judgment.

Furthermore, we decline to exercise our supervisory jurisdiction to convert this appeal to a writ application.

> [G]enerally speaking, it is improper to review the merits of an uncertified partial judgment pursuant to supervisory jurisdiction, without first considering whether or what the trial court has ruled on the propriety vel non of certification. To do so would take from the

trial court the responsibility invested in it by the legislature of weighing and balancing the competing factors with which that court is more familiar and upon which it is to exercise its discretion in determining whether the interest of sound judicial administration will be better served through an immediate appeal.

*In re Succession of Grimmett*, 31,795, 32-217, 32,364, p. 6 (La.App. 2 Cir. 3/5/99), 738 So.2d 27, 31, *cited with approval by Woodward v. Cutrer*, 10-378 (La.App. 3 Cir. 10/3/01), 796 So.2d 900, *writ denied*, 03-650 (La. 5/2/03), 842 So.2d 1106. *See also Fox v. Rogan*, 14-1615 (La.App. 3 Cir. 4/6/05), 899 So.2d 866.

Because the Delcambres will have an adequate remedy through an ordinary appeal once a judgment with a designation of finality under La.Code Civ.P. art. 1915(B)(1) is obtained[1] or by an appeal following the complete adjudication of this suit, this devolutive appeal is hereby dismissed without prejudice.

**APPEAL DISMISSED WITHOUT PREJUDICE.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.

---

[1] Should the trial court refuse to designate the judgment as final, the Delcambres can seek review of that refusal by writ application. *See Miller v. Tassin*, 02-2383 (La.App. 4 Cir. 6/4/03), 849 So.2d 782.