# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 21-632

CARISSA M. HARRISON AND
BRADLEY JOE HARRISON

VERSUS

LOUISIANA GYMNASTICS CLUB, LLC AND
NEW HAMPSHIRE INSURANCE COMPANY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2018-1381, DIV. L
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JONATHAN W. PERRY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John E. Conery, Jonathan W. Perry, and J. Larry Vidrine\*, Judges.

**APPEAL DISMISSED WITHOUT PREJUDICE.**

---

\*Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Scott S. McCormick**
**Reso & Associates**
**909 Poydras Street, Suite 3000**
**New Orleans, Louisiana  70112**
**(504) 527-5550**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Louisiana Gymnastics Club, LLC and**
    **New Hampshire Insurance Company**


**Jack Derrick Miller**
**(A Professional Corporation)**
**Parker R. Mitchell**
**4153 North Parkerson Avenue**
**Crowley, Louisiana  70527-1650**
**(337) 788-0768**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Carissa M. Harrison and**
    **Bradley Joe Harrison**

**PERRY, Judge.**

This is an appeal from a partial summary judgment finding the defendants liable for the slip and fall of the plaintiff. For the reasons that follow, we dismiss the appeal without prejudice.

## DISCUSSION OF THE RECORD

On March 1, 2018, Carissa M. Harrison and Bradley Joe Harrison ("the Harrisons") filed suit against Louisiana Gymnastics Club, LLC ("LGC"), and its commercial general liability insurer, New Hampshire Insurance Company (collectively, "Defendants"), for damages arising out of a slip-and-fall incident that occurred in the restroom at LGC on March 28, 2017. Carissa sought damages for personal injuries she allegedly suffered as a result of a fall and Bradley sought damages for loss of consortium.

On April 20, 2001, the Harrisons moved for summary judgment solely on the issue of liability. The motion for partial summary judgment came for hearing on May 10, 2021, after which the trial court granted the Harrisons' motion. After the trial court signed a judgment finding Defendants "solely liable for the fall of [Carissa] on March 28, 2017[,]" Defendants filed a suspensive appeal asserting the trial court erred in granting the Harrisons' motion for summary judgment to the extent that it concluded LGC "failed to act reasonably, and was therefore one hundred percent at fault, despite taking immediate and continuing action to remove the spill once they learned of its existence." We do not reach the merits of the appeal. For the following reasons, we find this court lacks jurisdiction at this time to review the partial summary judgment.

This court's appellate jurisdiction extends only to final judgments and interlocutory judgments expressly provided by law. La.Code Civ.P. art. 2083. Appellate courts have a duty to examine the issue of subject matter jurisdiction over

a judgment, even if it is not raised by the parties. *Texas Gas Expl. Corp. v. Lafourche Realty Co., Inc.*, 11-520, 11-521, 11-522, 11-523 (La.App. 1 Cir. 11/9/11) 79 So.3d 1054, *writ denied*, 12-360 (La. 4/9/12), 85 So.3d 698. An appellate court has the authority to dismiss an appeal on its own motion where the appellant has no right to appeal. *See Fix v. Rogan*, 04-1615 (La.App. 3 Cir. 4/6/05), 899 So.2d 866.

Louisiana Code of Civil Procedure Article 1915(A) provides, in pertinent part, "A final judgment may be rendered . . . even though it may not grant the successful party . . . all of the relief prayed for, or may not adjudicate all the issues in the case[.]" Further, La.Code Civ.P. art. 1915(A) lists partial judgments that are final, which includes when the trial court "(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E)."

Under La.Code Civ.P. art. 966(E), "A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case as to that party of parties." The summary judgment at issue does not dispose of the entire litigation. Rather, the trial court rendered summary judgment on the singular issue of liability, finding Defendants "solely liable for the fall of [Carissa] on March 28, 2017."

The summary judgment in this case was granted pursuant to La.Code Civ.P. art. 966(E), thus, it does not fall within the ambit of La.Code Civ.P. art. 1915(A). When summary judgment is granted pursuant to La.Code Civ.P. art. 966(E), it is a judgment to which the provisions of La.Code Civ.P. art. 1915(B) apply.

Louisiana Code of Civil Procedure Article 1915(B) (emphasis added) provides:

2

(1) **When a court renders a partial judgment or partial summary judgment** or sustains an exception in part, **as to one or more but less than all of the claims, demands, issues, or theories against a party**, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, **the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay**.

(2) **In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal** and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

The judgment in this case adjudicated fewer than all claims but was not designated by the trial court as appealable and, absent such a designation, the present suspensive appeal is not properly before this court at this time. *Texas Gas Expl. Corp.*, 79 So.3d 1054. Defendants are free to file an appeal once all outstanding claims have been adjudicated or file an appeal upon compliance with La.Code Civ.P. art. 1915(B).

### DECREE

For the foregoing reasons, we dismiss the appeal without prejudice and tax costs to Defendants/Appellants, Louisiana Gymnastics Club, LLC, and New Hampshire Insurance Company.

**APPEAL DISMISSED WITHOUT PREJUDICE.**