# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 23-575


JERRILYN LANCLOS

VERSUS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND
ANGELICA LEZCANO-MURGAS


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 20-C-1201-A
HONORABLE GREGORY J. DOUCET, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


## JONATHAN W. PERRY
## JUDGE


**\*\*\*\*\*\*\*\*\*\***


Court composed of Jonathan W. Perry, Charles G. Fitzgerald, and Ledricka J. Thierry, Judges.


**APPEAL DISMISSED WITHOUT PREJUDICE.**

**Kenny M. Habetz, Jr.**
**Miles C. Herterly**
**Kenny Habetz Injury Law**
**110 E. Kaliste Saloom Road, Suite 100**
**Lafayette, Louisiana 70508**
**(337) 399-9000**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Jerrilyn Lanclos**


**Mary K. Cryar**
**Derrick G. Earles**
**David C. Laborde**
**Laborde Earles Law Firm, L.L.C.**
**1901 Kaliste Saloom Road**
**Post Office Box 80098**
**Lafayette, Louisiana 70598-0098**
**(337) 261-2617**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Jerrilyn Lanclos**


**Dean M. Arruebarrena**
**Jason R. Bonnet**
**Leila A. D'Aquin**
**Leake & Andersson, L.L.P.**
**1100 Poydras Street, Suite 1700**
**New Orleans, Louisiana 70163**
**(504) 585-7500**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Capitol Specialty Insurance Corporation**

**PERRY, Judge.**

This is an appeal from the trial court's grant of partial summary judgment finding that UM coverage under the policy of the plaintiff's employer is prohibited by the anti-stacking statute, La.R.S. 22:1295. For the reasons that follow, we dismiss the appeal without prejudice.

**FACTS**

This litigation arises from a May 2019 automobile accident involving a vehicle driven by Jerrilyn Lanclos ("Ms. Lanclos") and one driven by Angelica Lezcano-Murgas ("Ms. Lezcano-Murgas"). Ms. Lanclos, a home health nurse employed by Health Systems 2000, Inc. ("Health Systems"), was driving her personal vehicle en route to a patient's home when she was rear-ended by the vehicle being driven by Ms. Lezcano-Murgas. Both Ms. Lanclos and Ms. Lezcano-Murgas were insured by State Farm Mutual Automobile Insurance Company ("State Farm").

On March 20, 2020, Ms. Lanclos filed suit to collect the damages she allegedly sustained in the accident, naming as defendants Ms. Lezcano-Murgas and State Farm, as Ms. Lezcano-Murgas's liability insurer and in its capacity as her own uninsured/underinsured motorist ("UM") insurance carrier. In an amended petition, Ms. Lanclos added Capitol Specialty Insurance Company ("CapSpecialty") as a defendant.[1] Therein, Ms. Lanclos alleged that at the time of the accident at issue, CapSpecialty provided a policy of general liability insurance to Health Systems, which included an endorsement for hired and non-hired vehicles driven in the course and scope of Health Systems' business. Thus, Ms. Lanclos alleged entitlement to

---

[1] Progressive Paloverde Insurance Company ("Progressive") was also added as a defendant for UM coverage under an automobile policy issued to Health Systems in effect at the time of the accident at issue herein. The record reflects Ms. Lanclos settled her claims against Progressive in December 2022.

UM coverage under the policy issued by CapSpecialty to Health Systems in effect at the time of her accident.[2]

AIG Property Casualty Company ("AIG"), as the workers' compensation carrier for Health Systems, filed a Petition of Intervention, naming Ms. Lanclos, Ms. Lezcano-Murgas, State Farm, and CapSpecialty as defendants-in-intervention. Therein, AIG sought to recover workers' compensation and medical benefits paid to or on behalf of Ms. Lanclos.

CapSpecialty filed a motion for summary judgment on Ms. Lanclos's claims based on the anti-stacking provision set forth in La.R.S. 22:1295. Therein, CapSpecialty argued the anti-stacking provision limits a person who is driving their own vehicle to the UM benefits of a single policy; thus, Ms. Lanclos could not access the UM coverage under her employer's policy with CapSpecialty.

The trial court ruled in favor of CapSpecialty, barring Ms. Lanclos from recovering UM benefits under CapSpecialty's policy. Judgment was signed June 19, 2023, granting CapSpecialty's motion for summary judgment and dismissing Ms. Lanclos's claim for UM coverage against CapSpecialty, with prejudice.

Ms. Lanclos then filed the instant devolutive appeal arguing the trial court erred in granting summary judgment in favor of CapSpecialty. In the "Jurisdictional Statement" section of her original brief, Ms. Lanclos asserts this court's jurisdiction extends to the judgment in this matter under the provisions of La.Code Civ.P. art. 1915(A)(5).[3]

---

[2] The parties entered into a Consent Judgment reflecting that UM coverage is "read into" the insurance policy issued by CapSpecialty to Health Systems pursuant to La.R.S. 22:1295.

[3] Louisiana Code of Civil Procedure Article 1915(A)(5) relates to matters in which the trial court "[s]igns a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury."

CapSpecialty argues this matter is not properly before this court because the judgment at issue does not fall within the ambit of La.Code Civ.P. art. 1915(A). CapSpecialty asserts the judgment from which Ms. Lanclos seeks to appeal does not dispose of either all the claims against CapSpecialty or all the claims involving Ms. Lanclos. It contends AIG has pled independent claims against Ms. Lanclos, Ms. Lezcano-Murgas, State Farm, and CapSpecialty, all of which remain active. Thus, CapSpecialty alleges the judgment is a partial judgment which falls within the ambit of La.Code Civ.P. art. 1915(A)(3), to which the requirements of La.Code Civ.P. art. 1915(B) apply. CapSpecialty contends appellate jurisdiction does not exist because the partial judgment has not been designated by the trial court as a final judgment, and the record does not reflect an express determination by the trial court that there is no just reason for delay.

In reply, Ms. Lanclos contends the judgment at issue is immediately appealable under both La.Code Civ.P. art. 1915(A)(1) and (A)(3) because the entirety of her case against CapSpecialty was dismissed with prejudice. Alternatively, if this court does not have appellate jurisdiction, Ms. Lanclos requests this appeal be converted into a supervisory writ application.

## DISCUSSION

In her appeal, Ms. Lanclos asserts the trial court erred in granting CapSpecialty's motion for summary judgment to the extent that it concluded Ms. Lanclos was not entitled to UM coverage under the policy issued by CapSpecialty to Health Systems. We do not reach the merits of the appeal. Instead, we dismiss the appeal.

As this court recently expressed in *Harrison v. Louisiana Gymnastics Club, LLC*, 21-632, p. 2 (La.App. 3 Cir. 2/23/22), 362 So.3d 563, 564:

3

This court's appellate jurisdiction extends only to final judgments and interlocutory judgments expressly provided by law. La.Code Civ.P. art. 2083. Appellate courts have a duty to examine the issue of subject matter jurisdiction over a judgment, even if it is not raised by the parties. *Texas Gas Expl. Corp. v. Lafourche Realty Co., Inc.*, 11-520, 11-521, 11-522, 11-523 (La.App. 1 Cir. 11/9/11), 79 So.3d 1054, *writ denied*, 12-360 (La. 4/9/12), 85 So.3d 698. An appellate court has the authority to dismiss an appeal on its own motion where the appellant has no right to appeal. *See Fix v. Rogan*, 04-1615 (La.App. 3 Cir. 4/6/05), 899 So.2d 866.

The trial court judgment rendered on June 19, 2023, is a partial judgment.

Louisiana Code of Civil Procedure Article 1915 states, in pertinent part:

A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:

(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.

. . . .

(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).

Simply stated, a partial judgment may be a final judgment even if it does not grant the successful party all the relief prayed for or adjudicate all of the issues in the case. La.Code Civ.P. art. 1915(A). Louisiana Code of Civil Procedure Article 1915(A) also lists partial judgments that are final, including a trial court's grant of "a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E)." La.Code Civ.P. art. 1915(A)(3).

Louisiana Code of Civil Procedure Article 966(E) provides for the grant of summary judgments in favor of any one or more of the parties to the litigation that are "dispositive of a particular issue, theory of recovery, cause of action, or defense" even if the grant "of the summary judgment does not dispose of the entire case[.]"

4

The summary judgment at issue does not dispose of the entire litigation but does have the effect of dismissing Ms. Lanclos's claim for UM benefits against CapSpecialty. Therefore, it is not a partial final judgment as contemplated by La.Code Civ.P. art. 1915(A)(3).

Even if a partial summary judgment does not qualify as a final judgment under La.Code Civ.P. art. 1915(A)(3), the judgment may still constitute a final judgment for the purpose of an immediate appeal if it has been designated by the trial court as a final judgment, and there has been an express determination by the trial court that there is no just reason for delay. La.Code Civ.P. art. 1915(B)(1).

Louisiana Code of Civil Procedure Article 1915(B) (emphasis added) provides:

> (1) **When a court renders a partial judgment or partial summary judgment** or sustains an exception in part, **as to one or more but less than all of the claims, demands, issues, or theories against a party**, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, **the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay**.
>
> (2) **In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal** and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

In this case, the judgment of the trial court, which adjudicated fewer than all claims, was not designated by the trial court as a final judgment after making an express determination that there was no just reason for delay. Accordingly, the judgment is not final for the purpose of an immediate appeal and is not properly before this court. *Texas Gas Expl. Corp.*, 79 So.3d 1054.

Furthermore, it is generally "improper to review the merits of an uncertified partial judgment pursuant to supervisory jurisdiction, without first considering

5

whether or what the trial court has ruled on the propriety vel non of certification" because this takes away the discretion of the trial court to determine "whether the interest of sound judicial administration will be better served through an immediate appeal." *Delcambre v. Mancuso*, 18-391, p. 2 (La.App. 3 Cir. 7/18/18) (unpublished opinion) (2018 WL 3479217) (quoting *In re Succession of Grimmett*, 31,975, 32-217, 32,364, p. 6 (La.App. 2 Cir. 3/5/99), 738 So.2d 27, 31).

Because we find the judgment at issue is not a final judgment under La.Code Civ.P. art. 1915(A) and has not been properly designated as such under La.Code Civ.P. art. 1915(B), it is not appealable as one "in which appeals are given by law[.]" La.Code Civ.P. art. 2083(A). Thus, Ms. Lanclos is free to file an appeal once all outstanding claims have been adjudicated or file an appeal upon compliance with La.Code Civ.P. art. 1915(B).

**DECREE**

For the foregoing reasons, we dismiss the appeal without prejudice and assess costs to Plaintiff/Appellant, Jerrilyn Lanclos.

**APPEAL DISMISSED WITHOUT PREJUDICE.**